2009 WY 105

**Felix NAJERA, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. S–08–0203.**

Supreme Court of Wyoming.

Aug. 21, 2009.

Representing Appellant: Diane M. Lozano, State Public Defender; Tina N. Kerin, Appellate Counsel; Eric M. Alden, Senior Assistant Appellate Counsel. Argument by Mr. Alden.

Representing Appellee: Bruce A. Salzburg, Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Assistant Attorney General. Argument by Ms. Pojman.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1] Appellant was convicted of two counts of second-degree sexual assault, four counts of third-degree sexual assault, and six counts of incest. He contends that there was insufficient evidence to sustain his convictions on five of the six sexual assault counts. He also contends that the sentences for the incest convictions should merge with the sexual assault sentences. We find that sufficient evidence exists to support the convic-

tions and affirm all of the convictions. We also determine that five of the six incest sentences should merge with the corresponding sexual assault sentences and reverse and remand for entry of a new Judgment and Sentence.

### ISSUES

[¶ 2] Appellant presents these issues:

1. Did the trial court err in denying [Appellant]'s motion for acquittal on counts I and III–VI?
2. Should the incest counts merge for charging and sentencing with the sexual assault charges?

### FACTS

[¶ 3] Appellant was convicted of twelve felony counts involving improper sexual conduct with his two daughters.[1] The twelve counts included: two counts of second-degree sexual assault (counts I and IV) in violation of Wyo. Stat. Ann. § 6–2–303(a)(vi) (LexisNexis 2005); one count of third-degree sexual assault (count II) in violation of Wyo. Stat. Ann. § 6–2–304(a)(ii); and three counts of third-degree sexual assault (counts III, V, and VI) in violation of Wyo. Stat. Ann. §§ 6–2–304(a)(iii) and 6–2–303(a)(vi). Five of the sexual assault counts involve the use of Appellant's authority to gain compliance of the victims, while the sixth was predicated upon the difference in age between Appellant and his victim. Appellant contends that there was insufficient evidence to support his conviction on the five counts involving the use of his authority. The remaining six convictions (counts VII through XII) are for felony incest in violation of Wyo. Stat. Ann. § 6–4–402(a).[2] Appellant does not challenge his convictions on those counts.

---

1. Appellant adopted the victims in 2001.

2. Wyo. Stat. Ann. § 6–2–303 states, in pertinent part:

(a) Any actor who inflicts sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituting sexual assault in the first degree:

. . .

(vi) The actor is in a position of authority over the victim and uses this position of authority to cause the victim to submit . . . .

Wyo. Stat. Ann. § 6–2–304 states, in pertinent part:

(a) An actor commits sexual assault in the third degree if, under circumstances not constituting sexual assault in the first or second degree:

. . .

(ii) The actor is an adult and subjects a victim under the age of fourteen (14) years to sexual contact without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim;

[¶ 4]   On April 17, 2006, the youngest victim (age 13) told her brother and older sister (age 15) that Appellant had sexually abused her the previous night.   The older sister responded by revealing that she had also been abused in the past by Appellant.   They called their mother and told her what had happened.   Mother telephoned the family doctor.   The doctor was not in and the office manager advised mother to take the girls to the emergency room and to call the police.   In response to that suggestion, Mother told the office manager that she would "wait to see if it happened again."   The next day, Mother apparently changed her mind and took the girls to the doctor's office.   The staff at the office called the police, and the investigation began.   Appellant was subsequently charged and tried.   He was found guilty on all counts and was sentenced to: 10–20 years on each count of second-degree sexual assault to be served concurrently; 10–15 years on each count of third-degree sexual assault to be served concurrently with each other and consecutively to his sentences for second-degree sexual assault;   and 3–5 years on each count of incest to be served concurrently with each other and consecutively to his sentences for all other counts.   He then filed this appeal.

### *DISCUSSION*

**Sufficiency of the Evidence**

■■■■   [¶ 5]   Appellant moved for judgment of acquittal following the State's case-in-chief.[3]   The district court denied the motion.   Appellant contends that there was insufficient evidence to support the challenged

(iii) The actor subjects a victim to sexual contact under any of the circumstances of W.S. 6–2–302(a)(i) through (iv) or 6–2–303(a)(i) through (vi) without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim.
Wyo. Stat. Ann. § 6–4–402(a) states, in pertinent part:
A person is guilty of incest if he knowingly commits sexual intrusion ... or sexual contact ... with an ancestor or descendant or a brother or sister of the whole or half blood.   The relationships referred to herein include relationships of:
(i) Parent and child by adoption ....
Although it does not affect our resolution of this case, we note that the second- and third-degree

convictions.   We apply the following standard of review:

> In reviewing the sufficiency of the evidence in the context of a denial of a motion for judgment of acquittal, we examine and accept as true the State's evidence and all reasonable inferences which can be drawn from it.   We do not consider conflicting evidence presented by the defendant.   We do not substitute our judgment for that of the jury;   rather, we determine whether a jury could have reasonably concluded each of the elements of the crime was proven beyond a reasonable doubt.   This standard applies whether the supporting evidence is direct or circumstantial.

*Martin v. State*, 2007 WY 2, ¶ 32, 149 P.3d 707, 715 (Wyo.2007) (citations omitted).

■■■■   [¶ 6]   Appellant contends that the evidence presented at trial was insufficient to sustain convictions on counts I, III, IV, V, and VI.   Each of these counts required the jury to find that Appellant was "in a position of authority over the victim and use[d] this position of authority to cause the victim to submit."   Wyo. Stat. Ann. §§ 6–2–303(a)(vi), 6–2–304(a)(iii).   It is uncontested that Appellant, as the victims' father, occupied a position of authority over the victims.   It is also uncontested that he committed the sexual acts that provided the foundation for the charges.   He contends only that the State failed to present sufficient evidence that he used his position of authority to cause the victims' submission.

[¶ 7]   We addressed this argument in *Brown v. State*, 817 P.2d 429, 439–40 (Wyo.

sexual assault statutes were significantly revised in 2007.   2007 Wyo. Sess. Laws, ch. 159.

3.   Appellant's motion at trial was equivocal at best.   He moved for a judgment of acquittal on only four of the six sexual assault counts.   Also, it appeared that counsel admitted that conflicting evidence existed on all counts.   Nevertheless, this does not preclude our review.   "[T]he proposition that a defendant's guilt must be proved with competent evidence bearing upon each of the crime's elements always involves a fundamental right .... [A] defendant is always prejudiced if he is found guilty and the evidence is not sufficient to establish his guilt."   *Garay v. State*, 2007 WY 130, ¶ 2 n. 1, 165 P.3d 99, 101 n. 1 (Wyo.2007).

1991). In *Brown,* the defendant was the victims' stepfather. He was convicted of multiple counts of sexual assault and taking indecent liberties with a minor. *Id.* at 432–33. On appeal, he contended that his convictions should be reversed because there was insufficient evidence to prove he used his position of authority to cause the victims to submit to sexual abuse. *Id.* at 439–40. We affirmed the convictions after finding that the State presented sufficient evidence to prove this element. In doing so, we stated:

> A stepfather, as a parental figure, generally is in a position to *exercise authority* and *control* over stepchildren. The testimony in this case showed that Brown was *directly involved with discipline* of C.P. At least one of the charged crimes *occurred when the children's mother was absent,* and Brown was, in fact, supervising C.P. Brown's role as a stepfather gave him *both access* (in the context of opportunity) to, and *influence over, these children.* It is evident that the children understood this, because it was unnecessary that Brown threaten them in order to obtain coerced obedience to his outrageous sexual demands. In most instances, those threats occurred only after the children had submitted. There is no question that, given these circumstances, the jury reasonably could have inferred, as it did, that any *resistance by these children was undermined by Brown's authority and his role in the household.* Clearly, that was enough to satisfy the statutory requirement of use of a position of authority. We hold that the jury properly found, under the standard of beyond a reasonable doubt, that appellant invoked his position of authority to commit the counts of sexual assault against C.P.

*Id.* at 440 (emphasis added).

[¶ 8] *Brown* is not a perfect parallel for the current case because the facts are different. The quoted portion, however, is just as applicable here. The record in this case, viewed in the light most favorable to the State, establishes that Appellant exercised considerable control over the children. He disciplined them on occasion. He also threatened them. The victims testified that they were afraid that Appellant would either punish them or that they would otherwise get into trouble if they told anyone about the abuse. On one occasion, Appellant explicitly told the older victim that "if I would ever say anything, it would be my fault that me and my mom were out on the streets." The facts surrounding the incidents themselves are evidence that Appellant used his status as the victims' father to gain compliance. With one exception, all incidents of abuse occurred in each victim's bedroom. For the most part, Mother was absent when the assaults occurred, leaving Appellant as the sole authority figure in the house.

[¶ 9] Appellant's argument in this appeal appears to be founded upon the premise that the statute requires the defendant to have overtly threatened the victim prior to committing each act. Appellant cites no authority for this proposition, nor does he present compelling reasons that we should interpret the statute in this manner. We conclude that the State presented sufficient evidence to allow a jury to conclude, beyond a reasonable doubt, that Appellant used his position of authority to cause the victims' submission.

**Merger of Sentences**

[¶ 10] In his second issue, Appellant contends that the incest sentences should be merged with the sexual assault sentences. He did not raise this argument below. Accordingly, we review for plain error. *Bush v. State,* 2008 WY 108, ¶ 29, 193 P.3d 203, 210 (Wyo.2008). "Plain error exists when: 1) the record is clear about the incident alleged as error; 2) there was a transgression of a clear and unequivocal rule of law; and 3) the party claiming the error was denied a substantial right which materially prejudiced him." *Id.,* ¶ 29, at 210–11.

[¶ 11] Appellant contends that the six incest convictions, counts VII through XII, should merge with their respective sexual assault charges, counts I through VI, for sentencing.[4] Merger of sentences implicates

---

4.  Appellant's statement of the issue suggests that he also contends that they should merge for the purpose of charging. His argument in this respect consists of two paragraphs with one cita-

a defendant's constitutional right to be free of multiple punishments for the same offense. *Bilderback v. State*, 13 P.3d 249, 253 (Wyo. 2000). This right is one component of the constitutional prohibition against double jeopardy. *Id.* Consequently, the analytical framework necessary to resolve this issue is derived from the elements test set forth by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), and subsequently adopted by this Court. *Bilderback*, 13 P.3d at 253. Pursuant to the elements test, two offenses are different when each requires proof of an element that the other does not. *Id.* Although the elements test is ordinarily applied to the statutory text, questions involving merger of sentences require this test to be applied somewhat differently. *Id.* at 253–54. Specifically, "the focus necessarily expands to embrace those facts proven at trial. The ultimate question becomes whether those facts reveal a single criminal act or multiple and distinct offenses." *Id.* at 254.

[¶ 12] In *Owen v. State*, the defendant was alleged to have inflicted sexual intrusion on his daughter. 902 P.2d 190, 192 (Wyo. 1995). He was convicted of three counts: second-degree sexual assault based upon the age of the victim, indecent liberties, and incest. *Id.* On appeal, we found error in the fact that the defendant received three separate sentences. *Id.* at 194–95. The charge of indecent liberties, according to the bill of particulars filed by the State, was based upon the defendant pulling down his daughter's panties, engaging in sexual contact, and engaging in digital penetration. *Id.* at 194. We held that "the pulling down of [the victim]'s panties and the touching of her in the area of her vagina were a part of, and necessary to, the accomplishment of the second-degree sexual assault. The penetration could not have been otherwise accomplished." *Id.* We determined that the indecent liberties conviction should have merged into the sexual assault conviction for sentencing purposes. *Id.* at 194–95. We reached the opposite conclusion regarding the incest conviction. The family relationship element of incest, which

was absent from the particular provision of second-degree sexual assault with which the defendant was charged, prevented the merger of the incest sentence. *Id.* at 195.

[¶ 13] In the current case, we are presented with a mirror image of the situation in *Owen.* In *Owen*, the incest conviction did not merge for sentencing because the family relationship element of that crime was not an element of either sexual assault or indecent liberties as charged. In this case, however, five of the six sexual assault charges (counts I and III through VI) required proof that Appellant was the father of the victims and was, therefore, in a position of authority as required by the applicable statute. The incest charges also required the State to prove that Appellant was the father of the victims. All sexual assault charges required either sexual intrusion or sexual contact, and so did the incest charges. In short, it would be impossible for Appellant to commit second- or third-degree sexual assault based upon the use of his position of authority as father of the victims without also committing incest. We conclude that the incest counts VII, IX, X, XI, and XII merge, for the purpose of sentencing, into the sexual assault counts I, III, IV, V, and VI, respectively.

[¶ 14] We reach the opposite conclusion regarding counts II and VIII. In count II, Appellant was charged with third-degree sexual assault pursuant to Wyo. Stat. Ann. § 6–2–304(a)(ii) on the basis that the victim was under the age of fourteen years and Appellant was an adult. The State was not required to prove that Appellant was the victim's father or that he used his position as her father to cause submission. In count VIII, incest, the State was required to prove that Appellant was the victim's father. In securing the conviction for incest as charged in count VIII, the State was not required to prove that she was younger than fourteen or that Appellant was an adult. Simply put, the two crimes have different elements. Each requires proof of an element that the other does not. The conviction on count VIII does

tion to a court decision that is of little use. We find this argument to be inadequate and do not

address it. Instead, we focus solely upon the question of merger of the sentences.

not merge with the conviction on count II for the purpose of sentencing.

### Conclusion

[¶ 15] Sufficient evidence was presented to support Appellant's conviction of second-degree sexual assault, as alleged in counts I and IV, and third-degree sexual assault, as alleged in counts III, V, and VI. Five of the six incest convictions, counts VII, IX, X, XI, and XII, merge for the purpose of sentencing into the respective sexual assault convictions, counts I, III, IV, V, and VI.

[¶ 16] We affirm the convictions on all counts. We reverse and remand for entry of a new Judgment and Sentence consistent with this opinion.

### VOIGT, Chief Justice, specially concurring.

[¶ 17] I concur with the majority opinion out of respect for the doctrine of *stare decisis*. I am concerned, however, that in cases such as *Bilderback v. State*, 13 P.3d 249 (Wyo.2000); *Rouse v. State*, 966 P.2d 967 (Wyo.1998); and *Owen v. State*, 902 P.2d 190 (Wyo.1995), we have strayed from application of the statutory elements test of *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) into the "conduct" or "evidence" test of *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), *overruled by United States v. Dixon*, 509 U.S. 688, 704, 113 S.Ct. 2849, 2860, 125 L.Ed.2d 556 (1993). I believe that the law correctly is as it is recited in *State v. Keffer*, 860 P.2d 1118, 1130 (Wyo.1993):

> The [United States Supreme Court] has settled upon the application of the familiar *Blockburger* . . . . statutory elements test which directs:
>
>> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
>
> The *Blockburger* test is the one chosen to determine if offenses have identical statutory elements of [sic] if the elements of an offense are identical to some of the ele-

ments of a greater offense in reaching a conclusion as to whether it is a lesser included offense.

It is clear that the *Blockburger* analysis parallels the statutory elements test for lesser included offenses. The application of the *Blockburger* test has nothing to do with the evidence presented at trial. As *Blockburger* is traced through. . . . it is clear that its role is to bar a subsequent prosecution if one of the two offenses is a lesser included offense of the other. That determination is made solely upon a comparison of the statutory elements.

Logically, the protection accorded by the double jeopardy clause with respect to multiple punishments should be based upon the same test. The double jeopardy clause prevents a "sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). . . . Historical review of the origin of the *Blockburger* test discloses that its use for multiple prosecution and cumulative punishments is consistent.

(Some citations omitted.) It is my view that, if two crimes do not bear a lesser—and greater-offense relationship to one another because they each contain an element not contained in the other, the legislature intended that multiple punishments could be imposed, even if the two separate offenses are based upon one underlying set of facts. In the instant case, the appellant could have been sentenced on each and every count upon which he was convicted.