**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FELIX NAJERA,

      Petitioner - Appellant,

v.

MICHAEL MURPHY, Warden,
Wyoming Medium Correctional
Institution; WYOMING ATTORNEY
GENERAL,

      Respondents - Appellees.

No. 11-8047
(D.C. No. 2:11-CV-00063-NDF)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

Defendant-Appellant, Felix Najera, appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 petition with prejudice as time-barred

under § 2244(d)(1)(A). R. 143-49. The district court granted a certificate of

appealability ("COA"), 28 U.S.C. § 2253(c), and our review of the district court's

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

denial of a habeas petition as untimely is de novo, see Fleming v. Evans, 481 F.3d 1249, 1254 (10th Cir. 2007). We ordered supplemental briefing on when Mr. Najera's underlying criminal judgment became final and whether his state-court motion seeking a reduction in his sentence tolled the one-year limitation period to file a federal habeas petition, 28 U.S.C. § 2244(d)(1). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and affirm.

In 2006, Mr. Najera was convicted on two counts of second-degree sexual assault, four counts of third-degree sexual assault, and six counts of felony incest for molesting his step-daughters. Najera v. State, 214 P.3d 990, 991 (Wyo. 2009). On August 21, 2009, the Wyoming Supreme Court affirmed his convictions, but remanded for entry of a new judgment and sentence, finding that five of the six incest counts should have merged with five of the sexual assault counts. Id. at 995. The final amended sentencing order was not filed until September 10, 2009. See Aplt. Supp. Br. 4-5. On August 2, 2010,[1] Mr. Najera filed a motion for sentence reduction pursuant to Wyo. R. Crim. P. 35(b). See Aplt. Motion to Supplement the Supp. Br. at 2; Wyoming Case Dkt. Report at 8, Wyoming v. Najera, CR-2007-6288. The motion was denied on August 9, 2010. See id. Mr.

---

[1] August 2, 2010 is the day that Mr. Najera properly filed his state motion for reduction of sentence with the court, not the day he placed it in the prison mailbox. 28 U.S.C. § 2244(d)(2); see Proffit v. Wyoming, 2011 WL 5110254, at *1 (10th Cir. October 28, 2011) (noting that Wyoming has not adopted a prison mailbox rule). Regardless of whether a prison mailbox rule somehow applies, the outcome is the same. Mr. Najera's habeas petition is not timely.

Najera had 30 days to appeal this denial, but did not do so. Instead, on August 23, 2010, Mr. Najera filed a petition for state post-conviction relief. R. 122-26. The trial court granted the State's motion to dismiss the petition on October 6, 2010. R. 127. The Wyoming Supreme Court denied certiorari on November 16, 2010. R. 132. Mr. Najera filed his § 2254 petition on February 16, 2011.[2] R. 4-14.

According to 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] Mr. Najera certified that he placed his petition in the prison mailbox on February 16, 2011. R. 14. Rule 3(d), Rules Governing Section 2254 Cases, states: "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." Therefore, Mr. Najera's petition was filed on February 16, 2011.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The district court held that, based on § 2244(d)(1)(A) & (d)(2), the last day of the one-year period as tolled was on Saturday, February 12, 2011, giving Mr. Najera until Monday, February 14, 2011 to file. R. 147. The government argues that the last day was actually Sunday, February 13, 2011, but agrees with the district court that Mr. Najera had until Monday, February 14, 2011 to file. Aplee. Br. 7-8 n.1. In fact, Mr. Najera's statute of limitations ran on Thursday, January 27, 2011.

In Burton v. Stewart, 549 U.S. 147 (2007), the Supreme Court held that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." Id. at 156 (internal quotations omitted). Therefore, a case on remand for resentencing is not final "for purposes of habeas proceedings arising from state court convictions until the resentencing and the direct appeal thereof [are] complete." United States v. Carbajal-Moreno, 332 Fed. App'x 472, 475 (10th Cir. 2009)[3] (citing Burton, 549 U.S. at 156). As this court has stated, "final" means "a decision from which no appeal or writ of error can be taken." United States v. Burch, 202 F.3d 1274, 1277 (10th Cir. 2000) (internal quotations

---

[3] Cited for its persuasive value under Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

omitted).  Appeals can arise from resentencing unless the resentencing is purely ministerial, such that the district court is limited on remand.  Carbajal-Moreno, 332 Fed. App'x at 475-76.  The Second Circuit defined a ministerial remand as one requiring a "routine, nondiscretionary act by the district court that could not have been appealed on any valid ground." Id. at 476 (citing Burrell v. United States, 467 F.3d 160, 161, 165-66 (2d Cir. 2006)).

Here, the Wyoming Supreme Court did not limit the state district court's discretion on remand, but remanded for entry of a new Judgment and Sentence after holding that several of the sexual assault counts merged with several of the incest counts.  Najera, 214 P.3d at 993-95.  Therefore, the remand was not purely "ministerial," and the statute of limitations did not begin to run until after the expiration of Mr. Najera's 30 days to appeal the district court's final judgment entered on September 10, 2009.  Wyo. R. App. P. 2.01(a).  Since Mr. Najera did not file a direct appeal of his final judgment in state court, he does not receive the 90 day period to file a petition for certiorari in the United States Supreme Court.  See Harris v. Clark, 2009 WL 2915042, at *1 (10th Cir. Aug. 26, 2009) ("Normally, direct review of a criminal conviction includes the time necessary to file a United States Supreme Court petition for certiorari.  However, in this case, Petitioner could not have sought United States Supreme Court review because he failed to timely file for certiorari before the Utah Supreme Court.  Therefore . . . when Petitioner could no longer seek direct review, Petitioner's conviction

became final for AEDPA time limitation purposes." (internal citations omitted)). Saturday, October 10, 2009 was the last day for Mr. Najera to file a direct appeal in state court. Since that was a Saturday, however, Mr. Najera could have filed as late as Monday, October 12, 2009. Wyo. R. App. P. 14.02 ("The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the above described days."). Therefore, his AEDPA statute of limitations began to run on Tuesday, October 13, 2009. 28 U.S.C. § 2244(d)(1).

Furthermore, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The Supreme Court has defined "collateral review" as "judicial review of a judgment in a proceeding that is not part of direct review," including motions to reduce sentence under state law. Wall v. Kholi, 131 S. Ct. 1278, 1281-82 (2011) (holding that a motion to reduce sentence under Rhode Island state law was "collateral review" and tolled the AEDPA statute of limitations). The State attempts to distinguish Wall, arguing that, unlike under Rhode Island law, Mr. Najera's motion for sentence reduction under Wyo. R. Crim. P. 35(b) is a plea for mercy, not a motion to correct an illegal sentence. Aplee. Supp. Br. 6-7 (citing Baker v. McNeil, 439 Fed. App'x 786 (11th Cir. 2011) (unpublished)). We are not persuaded. Based on the Supreme Court's

broad definition of collateral review, a motion for reduction of sentence under Wyoming law tolls the statute of limitations under § 2244(d)(2). See Wall, 131 S. Ct. at 1286-87.

Therefore, the one-year limitations period was tolled for purposes of the motion to reduce sentence from August 2, 2010—when the motion was filed—until September 8, 2010—the last day that he could have appealed the district court's denial of his motion. See Serrano v. Williams, 383 F.3d 1181, 1185 (10th Cir. 2004) ("[T]he [AEDPA] limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law. . . . [A]ny time allotted by the state for appeals will toll the limitations period regardless of whether a petitioner actually appeals . . . .")(internal citations omitted)). Therefore, since Mr. Najera also filed a state post-conviction petition on August 23, 2010, the statute was consecutively tolled from August 2, 2010—the day the motion to reduce sentence was filed—through November 16, 2010—the day the Wyoming Supreme Court denied his post-conviction petition. Mr. Najera does not receive an additional 90 days when he could have filed for certiorari to the United States Supreme Court after the Wyoming Supreme Court's denial of his post-conviction petition. See Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999) ("The time after the [highest state court] finally denied his post-conviction application until the United States Supreme Court denied his petition for certiorari was not 'time during which a properly filed application for

State post-conviction . . . review . . . [was] pending,' and, therefore, it should be counted toward the one-year limitation period." (citing 28 U.S.C. § 2244(d)(2)).

Based on the explanation above, Mr. Najera had until Thursday, January 27, 2011 to file his habeas petition under the § 2244 statute of limitations. Since he filed on February 16, 2011, his petition was untimely.

Mr. Najera also argues for the first time on appeal that he is entitled to equitable tolling. Aplt. Br. 10-11. He failed, however, to respond to the government's motion to dismiss before the district court, and presented no arguments there for why he is entitled to equitable tolling. Therefore, we will not consider this claim for the first time on appeal. See Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Further, we do not address Mr. Najera's additional merits claims on appeal. Aplt. Br. 12-21.

We grant Mr. Najera's motion to proceed IFP.

AFFIRMED

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge