UNITED STATES of America,
Plaintiff–Appellee,

v.

Randolph TURNER,
Defendant–Appellant.

No. 89–30050.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 1990.

Decided June 8, 1990.

William I. Lee, Hendricks & Lewis, Seattle, Wash., for defendant-appellant.

Kenneth G. Bell, Asst. U.S. Atty., Tacoma, Wash., for plaintiff-appellee.

Before WRIGHT, POOLE and BRUNETTI, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We decide whether the district court erred by failing to require a presentence investigation report prior to imposition of Randolph Turner's sentence.

## BACKGROUND

In 1983, Turner was sentenced to a term of eight years for bank robbery. In May 1988, he was sent to a work release facility, and began to work, first as a janitor and then in a factory. In September 1988, he obtained a permanent job as a forklift operator and was scheduled for release the following month.

At 3:00 a.m. on September 22, 11 days before his release date, Turner walked away from the work release facility. He was arrested later that day at a local motel.

A grand jury charged him with escape under 18 U.S.C. §§ 751(a) and 4082(d). He pleaded not guilty, and was convicted by a jury. Following his conviction, the district court indicated that a presentence report would be unnecessary because Turner had been in confinement since the previous report was prepared in 1983. Turner and his counsel then executed a written waiver of the preparation of a new presentence report.

The probation office prepared a report in three parts: (1) a two-page letter giving the

details of Turner's offense; (2) a copy of the 1983 presentence report; and (3) a guideline worksheet, recommending an offense level of 15 and a sentencing range of 30 to 37 months. The probation office also proposed that the court depart from the guidelines and impose a sentence based on the highest criminal history category. It recommended a sentence of 51 months.

After a sentencing hearing at which Turner testified, the court followed the probation office's recommendation and imposed a 51–month prison sentence followed by two years of supervised release.

## DISCUSSION

■ Section 6A1.1 of the Sentencing Guidelines provides:

A probation officer shall conduct a presentence investigation and report to the court before the imposition of sentence unless the court finds that there is information in the record sufficient to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553, and the court explains this finding on the record. Rule 32(c)(1), Fed.R.Crim.P. The defendant may not waive preparation of the presentence report.

United States Sentencing Comm'n, *Guidelines Manual* § 6A1.1, at 6.1 (Nov. 1, 1989). The report must contain, among other things:

information about the history and characteristics of the defendant, including prior criminal record, if any, financial condition, and *any circumstances affecting the defendant's behavior that may be helpful in imposing sentence* or in the correctional treatment of the defendant.

Fed.R.Crim.P. 32(c)(2)(A) (emphasis added).

Presentence reports are required because "[r]eliable fact-finding is essential to procedural due process and to the accuracy and uniformity of sentencing." Guideline Chapter 6A, Introductory Commentary. "Under the sentencing guidelines, the pre-

sentence report and the defendant's objections to that report are essential considerations in proper sentencing. The report forms the factual basis for the judge's sentencing determination." *United States v. Burch*, 873 F.2d 765, 767 (5th Cir.1989).

The drafters of Rule 32(c)(1) noted:

The requirement of reasons on the record for not having a presentence report is intended to make clear that such a report ought to be routinely required except in cases where there is a reason for not doing so. The presentence report is of great value for correctional purposes and will serve as a valuable aid in reviewing sentences to the extent that sentence review may be authorized by future rule change.

Fed.R.Crim.P. 32, Advisory Committee Notes, 1974 Amendment. Because of the importance Congress and the Sentencing Commission have attached to the preparation of presentence reports, we hold that strict compliance with § 6A1.1 and Rule 32(c)(1) is required. *Cf. United States v. Fernandez–Angulo*, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc) (strict compliance with Rule 32(c)(3)(D) is required).

■ The district court failed to apply these provisions. First, it allowed Turner to waive the preparation of a presentence report in violation of Guideline § 6A1.1.[1]

■ Second, it did not make the findings required by the guideline provision and Rule 32(c)(1) to support its decision to forego preparation of the report. In *United States v. Whitworth*, 856 F.2d 1268 (9th Cir.1988), *cert. denied*, ―― U.S. ――, 109 S.Ct. 1541, 103 L.Ed.2d 846 (1989), the district court made extensive findings regarding the value of a presentence report under the facts of that case, concluding:

It appears to the court that there is literally nothing a presentence investigation could turn up which has not already been well documented, nothing a presentence report could relate which is not

---

1. Although a report was filed with the district court, it was not a presentence report as defined in Rule 32(c)(2). It did not contain information about the history and characteristics of the defendant from 1983 to 1988, including "circum-

stances affecting [his] behavior that may be helpful in imposing sentence or in the correctional treatment of the defendant." Fed.R. Crim.P. 32(c)(2)(A).

presently known. The facts of Mr. Whitworth's life are, at this juncture, almost common knowledge.

*Id.* 856 F.2d at 1288. We found that the court's reasons were "adequately stated on the record" as required by Rule 32(c)(1), and that there was no abuse of discretion in dispensing with the presentence report. *Id.*

The district court's findings in this case were not nearly as extensive as those reviewed in *Whitworth.* The court here indicated that it did not need a presentence report because Turner had been in confinement since the preparation of the previous report in 1983. The finding that Turner was confined is, by itself, insufficient to support the failure to prepare a presentence report because there may be information relevant to the sentencing decision during this period.

For example, although the probation officer in this case indicated on the record prior to sentencing that he wished to verify Turner's prison employment, information about this employment was not provided in the report given to the judge. Other data applicable to the period of Turner's confinement may be relevant to the court's sentencing decision and to prison officials who may deal with Turner in the future.

The district court failed to comply with the substantive requirements of Guideline § 6A1.1 and Rule 32(c)(1). We vacate the sentence, and remand for resentencing.[2] *Cf. Fernandez–Angulo,* 897 F.2d at 1516 (when the district court fails to make the required findings or determinations under Rule 32(c)(3)(D), "the sentence must be vacated and the defendant resentenced.").

VACATED AND REMANDED.

---

**2.** Because we vacate the sentence for failure to prepare a presentence report, we need not reach the other issues raised. We note, however, that the Commission has made clear in commentary that an enhancement to the criminal history category based on convictions outside the Guideline § 4A1.2(e) window periods is appropriate only if those convictions are "evidence of similar misconduct or the defendant's receipt of a substantial portion of income from criminal livelihood." Guideline § 4A1.2, Commentary note 8; *see also United States v. Cota–Guerrero,* 907 F.2d 87, 89–90 (9th Cir.1990).