66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin Ifeanyi UBA, Defendant-Appellant.
 No. 94-50217.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1995.*
Decided Sept. 13, 1995.
 
 1
 Before: HALL and LEAVY, Circuit Judges, and HOGAN,** Chief District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Benjamin Uba appeals his conviction and sentence after resentencing upon remand from this court. He asserts that the district court erred by 1) finding that the government did not breach the plea agreement; 2) denying his request for substitution of counsel; and 3) increasing his offense level based on his leadership role in the offense. He also urges this court to reassign the case to a different judge for resentencing in the event of remand.
 
 
 4
 We have jurisdiction pursuant to 18 U.S.C. Sec. 3742 and 28 U.S.C. Sec. 1291. We affirm the judgment of the district court.
 
 DISCUSSION
 A. Breach of the Plea Agreement
 
 5
 Uba maintains the government breached paragraph 4 of the plea agreement by failing to move for a downward departure for substantial assistance pursuant to U.S.S.G. Sec. 5K1.1. Uba does not allege that the government's failure to move for downward departure based on substantial assistance was unconstitutionally motivated.
 
 
 6
 Pursuant to section 5K1.1 of the United States Sentencing Guidelines, a district court may depart downward from the sentence mandated by the Guidelines upon a government motion stating that the defendant has provided substantial assistance to the government in the investigation or prosecution of another person who has committed an offense. U.S.S.G. Sec. 5K1.1. Absent a motion from the government, a district court may downward depart from the mandated Guidelines range only if the government's failure to make a motion was unconstitutionally motivated. Wade v. United States, 112 S.Ct. 1840, 1843-44 (1992).
 
 
 7
 Here, paragraph 4 of the plea agreement provided:
 
 
 8
 In the event that you cooperate with the government in the investigation or prosecution of another person, and through that cooperation you provide substantial assistance to the government in that investigation or prosecution, the government will move the court pursuant to Sentencing Guidelines Sec. 5K1.1 for a downward departure from your sentencing range. The decision whether to move for such a reduction is within the exclusive, reasonable discretion of this Office.
 
 
 9
 By the terms of the agreement, a motion for a downward departure was conditioned on Uba's providing substantial assistance, and that determination was under the exclusive control of the government. Government counsel submitted a declaration to the district court setting forth Uba's meetings with the government prior to sentencing. The declaration reveals that Uba failed to assist the government in any manner. Further, in his brief, Uba does not assert that he actually provided any assistance to the government. Rather, he simply charges that by not recommending a downward departure, the government breached the plea agreement. Accordingly, the district court did not err by determining that the government did not breach the plea agreement.
 
 B. Motion for Substitution of Counsel
 
 10
 Uba argues that the district court improperly denied his request for substitution of counsel. We evaluate three factors: 1) the timeliness of the motion for substitution; 2) the adequacy of the court's inquiry into defendant's complaint; and 3) whether the conflict between defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense. United States v. Walker, 915 F.2d 480, 482 (9th Cir.1990).
 
 1) Timeliness
 
 11
 It is in the trial judge's discretion to deny a motion for substitution of counsel if it would require the continuance of a court proceeding. United States v. Garcia, 924 F.2d 925, 926 (9th Cir.) (motion filed "a mere six days" before trial was untimely), cert. denied, 501 U.S. 1210 (1991). Here, Uba filed his motion for substitution of counsel on April 5, 1994, six days before the sentencing hearing. As this court had ordered previously that Uba and his counsel receive the PSR at least 10 days prior to sentencing, a continuance of the proceedings would have been necessary.
 
 
 12
 2) Adequacy of the District Court's Inquiry
 
 
 13
 A trial court must conduct "such necessary inquiry as might ease the defendant's dissatisfaction, distrust, and concern." Id. (quotations omitted). The record indicates that at the sentencing hearing the district judge allowed Uba to outline his reasons for seeking a substitution of counsel. In addition, Uba's attorney was afforded the opportunity to speak to Uba's motion for substitution. Under the circumstances, the district court's inquiry into Uba's complaints was adequate.
 
 3) Adequacy of Uba's Defense
 
 14
 There is no evidence that the alleged conflict impaired Uba's defense in any way. Counsel was appointed to represent Uba through the sentencing phase of the proceedings. Counsel filed a motion challenging the government's refusal to move for a downward departure. In addition, he filed a sentencing position urging leniency for Uba and argued on Uba's behalf at sentencing.
 
 
 15
 Uba complains of counsel's failure to urge the district court to vacate his plea. Counsel and the district court were fully aware of Uba's desire to vacate his guilty plea. Both were constrained by the earlier ruling of this court affirming Uba's conviction. There was no abuse of discretion by the district court to deny Uba's motion for substitution of counsel.
 
 C. Upward Adjustment Pursuant to 3B1.1
 
 16
 Uba challenges the district court's finding that he played a supervisory role in the offense. He also maintains the district court relied on "contested erroneous information" in the PSR when sentencing him.
 
 
 17
 The Guidelines provide for a two-level upward adjustment in offense level "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity." U.S.S.G. Sec. 3B1.1(c). "An enhancement may be proper where ... a defendant organizes others in the commission of the criminal activity even though he does not retain a supervisory role over the other participants." United States v. Varela, 993 F.2d 686, 691 (9th Cir.), cert. denied, 114 S.Ct. 232 (1993). To the extent that the defendant does play a "supervisory role" in relation to other participants, he need only exercise authority over one and not all of the other participants in order to merit adjustment. United States v. Barnes, 993 F.2d 680, 685 (9th Cir.1993), cert. denied, 115 S.Ct. 96 (1994). The district court may rely on facts contained in the PSR if the defendant has notice of the use and has an opportunity to object and present evidence at the sentencing hearing. United States v. Notrangelo, 909 F.2d 363, 364-65 (9th Cir.1990). See also United States v. Turner, 905 F.2d 300, 301 (9th Cir.1990) (the PSR and defendant's objections form the factual foundation for sentencing decisions).
 
 
 18
 Relying on the PSR, and evidence presented by both the government and Uba, the district court determined Uba recruited one heroin courier and directed the activities of two heroin couriers. In his written objections to the PSR, Uba did not challenge those findings; rather, he urged leniency vis a vis the sentences of his codefendants. At the sentence hearing, however, Uba argued his complete innocence of all the allegations of his offense. Based on the evidence, the district court could determine the facts were supported by a preponderance of the evidence, and it was not an abuse of discretion to impose a two-level adjustment pursuant to section 3B1.1(c).
 
 
 19
 D. Reassignment to a Different Judge for Resentencing
 
 
 20
 We need not reach Uba's request that, in the event of a remand, he be resentenced by a different judge. The district court's judgment is AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Hon. Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3