NOT FOR PUBLICATION

FILED

NOV 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 18-50351 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 3:18-cr-00832-JAH-1 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| MARIA DE LOURDES ACOSTA, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted November 14, 2019
Pasadena, California

Before: FERNANDEZ, M. SMITH, and MILLER, Circuit Judges.

Maria de Lourdes Acosta appeals her sentence for failure to surrender to serve her sentence[1] for a drug offense conviction.[2]  We affirm.

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1]*See* 18 U.S.C. § 3146(a)(2), (b)(1)(A)(i) (hereafter "self-surrender offense").

[2]*See* 21 U.S.C. §§ 952, 960 (hereafter "underlying offense").

Acosta first challenges her sentence of imprisonment and supervised release on the basis that the district court committed procedural error when it failed to order a new presentence report ("PSR") and did not explain its reasons for the lack of a need therefor on the record. Because that claim was not made to the district court, we review for plain error. *See* Fed. R. Crim. P. 52(b); *see also United States v. Depue*, 912 F.3d 1227, 1232–33 (9th Cir. 2019) (en banc); *United States v. Potter*, 895 F.2d 1231, 1238 & n.6 (9th Cir. 1990). We, of course, apply the usual elements of plain error review. *See United States v. Olano*, 507 U.S. 725, 732–37, 113 S. Ct. 1770, 1777–79, 123 L. Ed. 2d 508 (1993); *Depue*, 912 F.3d at 1232.

In the case at hand, we agree that the district court did commit error that was plain when it failed to order a PSR regarding the self-surrender offense, and did not explain the reasons for that choice on the record. *See* Fed. R. Crim. P. 32(c)(1); USSG §6A1.1;[3] *United States v. Turner*, 905 F.2d 300, 300–02 (9th Cir. 1990).[4]

---

[3] Unless otherwise stated, all references to the United States Sentencing Guidelines are to the November 1, 2016, version.

[4] The court in *Turner* did not explicitly set forth the standard of review that it was applying, but based upon its discussion, the defendant could have satisfied the plain error standard. Certainly nothing suggests that *Turner* saw the error as a member of that "very limited class of errors that trigger automatic reversal." *United States v. Davila*, 569 U.S. 597, 611, 133 S. Ct. 2139, 2149, 186 L. Ed. 2d 139 (2013) (internal quotation marks omitted); *see also United States v. Marcus*, 560 U.S. 258, 263, 130 S. Ct. 2159, 2164–65, 176 L. Ed. 2d 1012 (2010).

However, it is equally clear that Acosta's rights were not substantially affected, that is to say that on this record she has not "demonstrated a reasonable probability that [she] would have received a different sentence if the district court had" ordered a whole new PSR rather than proceeding as it did. *United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008); *see also Depue*, 912 F.3d at 1234–35. Unlike the record in *Turner*, 905 F.2d at 300–02, the record here shows that the district court ordered an update of the PSR for the underlying offense, that Acosta was interviewed by the probation officer, that her explanations were included in the updated PSR, and that the parties were able to (and did) present their positions to the district court at the sentencing hearing. Nothing before us indicates that there was some relevant and helpful information available which would have made an iota of difference in the sentence.[5] Thus, we see no basis for exercising our discretion under the fourth step of plain error review. *See Depue*, 912 F.3d at 1232.

Acosta also attacks the district court's fixing of her term of supervised release at the midpoint of the Guideline range. *See* USSG §5D1.2(a)(2) (range of one to three years). Beyond the flaw pointed to above, she argues that the district court did not explicitly state the lowest point in that range—one year. However,

---

[5]*See United States v. Whitworth*, 856 F.2d 1268, 1287–88 (9th Cir. 1988).

the district court did state the maximum sentence of imprisonment, and from that the range for Guideline purposes inexorably followed. *See* 18 U.S.C. § 3146(b)(1)(A)(i) (imprisonment for ten years maximum); *id.* § 3559(a)(3) (class C felony); *id.* § 3583(b)(2) (supervised release of not more than three years); USSG §5D1.2(a)(2) (sentencing range); *cf. United States v. Cope*, 527 F.3d 944, 951 (9th Cir. 2008). The district court did not commit a plain error. Also, even if there were error, it surely did not affect Acosta's substantial rights. Acosta's two-year supervised release term for the self-surrender offense will run concurrently with her four-year supervised release term for the underlying offense. And on this record, there is no reason to think that the district court would have imposed less than a two-year term of supervised release for the self-surrender offense. Indeed, it actually considered the possibility of running that term consecutive to the supervised release term for the underlying offense. We see no basis to exercise our discretion pursuant to the fourth step of plain error review.

**AFFIRMED**.