**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JAMAL SHEHADEH,
*Defendant-Appellant.*

No. 18-10399

D.C. No.
2:16-cr-00038-MCE-1

OPINION

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted December 2, 2019
San Francisco, California

Filed June 18, 2020

Before: Eugene E. Siler,* Jay S. Bybee,
and Ryan D. Nelson, Circuit Judges.

Opinion by Judge R. Nelson

---

* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

# SUMMARY[**]

### Criminal Law

The panel affirmed a criminal judgment in a case in which the defendant (1) moved to withdraw his guilty plea after he was sentenced to a mandatory thirty-year prison term and before the district court entered an amended judgment ordering restitution, and (2) filed his notice of appeal the day after the district court entered the amended judgment.

Rejecting the government's argument that the notice of appeal is untimely because the defendant did not appeal within fourteen days of the district court's entry of judgment of his custodial sentence, the panel held that where a district court defers its restitution order, a defendant wishing to appeal his conviction and sentence of imprisonment may enter a notice of appeal *either* within fourteen days following the district court's entry of the custodial sentence, *or* within fourteen days of the entry of the amended judgment, which includes the amount of restitution.

The panel held that the district court erred in determining that it lacked jurisdiction to allow the defendant to withdraw his guilty plea. The panel explained that because the district court had delayed a final sentence by deferring restitution, it had jurisdiction to allow the defendant to withdraw his guilty plea until the final restitution order if he presented a fair and just reason for doing so. The panel concluded that the

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

district court did not plainly err when it denied the motion to withdraw his guilty plea, as it was knowing and voluntary.

The panel held that the waiver in the defendant's plea agreement bars his claims that the district court violated his Sixth Amendment right to a public trial and that the record lacked information required by Fed. R. Crim. P. 32 where the district court proceeded immediately to sentencing without preparation of a presentence report. The panel concluded that the record is not sufficiently developed to entertain on direct appeal the defendant's claim of ineffective assistance of counsel.

## COUNSEL

David D. Fischer (argued), Law Offices of David D. Fischer APC, Rocklin, California, for Defendant-Appellant.

Christopher S. Hales (argued) and Michael D. Anderson, Assistant United States Attorneys; Camil A. Skipper, Appellate Chief; McGregor W. Scott, United States Attorney; United States Attorney's Office, Sacramento, California; for Plaintiff-Appellee.

## OPINION

R. NELSON, Circuit Judge:

Defendant-Appellant Jamal Shehadeh appeals the district court's denial of his motion to withdraw his guilty plea. We hold Shehadeh's appeal was timely because it was filed within fourteen days of entry of the amended judgment. We affirm the district court's refusal to allow Shehadeh to

withdraw his guilty plea, as it was knowing and voluntary. The remainder of Shehadeh's claims are waived, and we do not consider his ineffective assistance of counsel claim for the first time on appeal.

## I

On February 9, 2018, Jamal Shehadeh signed an agreement to plead guilty to two counts of arson to commit a felony. The plea agreement included promises by the government not to charge Shehadeh's wife or sister for witness tampering and not to pursue forfeiture against a house owned by Shehadeh's ex-wife. At defense counsel's request for a plea hearing "asap" with immediate sentencing, the district court held a change of plea hearing the next evening.

At the hearing, the district court inquired whether the plea was voluntary or had been induced by any threats or promises other than those contained in the plea agreement. Shehadeh affirmed that he was pleading guilty because he had actually committed the crimes at issue, and that no one had threatened him or made any promises to induce his plea. The government noted it was not "trying to force a plea or encourage a plea by making any threats or assertions" against his wife, sister, or ex-wife. Shehadeh then affirmed that there was no undue pressure. Shehadeh pled guilty, and affirmed he was aware that he waived his right to appeal the guilty plea, conviction, and the sentence imposed if the sentence did not exceed thirty years.

The district court entered judgment on February 14, 2018, sentencing Shehadeh to a mandatory thirty years in prison as required by statute, but deferring an order on restitution for a later date.

Two months later, Shehadeh filed a motion to withdraw his guilty plea, and a hearing to withdraw was held four months later still.  The district court denied the motion to withdraw, holding it lacked jurisdiction because it had already sentenced Shehadeh to imprisonment when he moved to withdraw his plea.  The district court thereafter entered an amended judgment ordering restitution on October 9, 2018.  Shehadeh filed a notice of appeal the next day.

## II

A defendant must file a notice of appeal within fourteen days of "the entry of either the judgment or the order being appealed."  Fed. R. App. P.  4(b)(1)(A)(i).  Shehadeh contends his appeal was timely because he filed it within fourteen days of the district court's entry of its amended judgment ordering restitution.  The government argues Shehadeh's appeal is untimely because he did not appeal within fourteen days of the district court's entry of judgment announcing his custodial sentence.

The government relies on *Manrique v. United States*, 137 S. Ct. 1266 (2017), in which the Supreme Court held that a single notice of appeal, filed between the initial judgment ordering sentencing and the amended judgment ordering restitution, is not sufficient to invoke appellate review of a later judgment awarding restitution.  *Id.* at 1270.  The government argues that because "deferred restitution cases involve two appealable judgments, not one," *id.* at 1273, Shehadeh was required to appeal within fourteen days of the district court's entry of judgment on Shehadeh's custodial sentence in February.  Instead, Shehadeh waited to appeal until after the district court entered its amended judgment ordering restitution six months later.

*Manrique* only held that a notice of appeal filed after a sentence of imprisonment does not "spring forward" to become effective to appeal an order of restitution entered later. *Id.* The Court did not address the opposite issue presented here: is a defendant's notice of appeal after an amended judgment ordering restitution timely to appeal the initial judgment of conviction and sentencing? We hold that in these circumstances it is.

It is true that, after *Manrique*, Shehadeh *could* have filed an appeal within fourteen days after the initial judgment imposing his custodial sentence. *Id*. But he was not required to do so. Our conclusion today is that, where a district court defers its restitution order, a defendant wishing to appeal his conviction and sentence of imprisonment may enter a notice of appeal *either* within fourteen days following the district court's entry of the custodial sentence, *or* within fourteen days of the entry of the amended judgment, which includes the amount of restitution.

Here, the judgment being appealed is the amended judgment entered by the district court on October 9, 2018. This notice of appeal, timely filed after the district court had decided all remaining issues in the case, was sufficient to appeal the plea, the initial custodial sentence, and the final restitution order.

While the majority in *Manrique* did not specifically address the question presented here, it noted that both the "initial judgment" and the "amended judgment" were separately appealable orders. *Id.* at 1272 (citing *Dolan v. United States*, 560 U.S. 605, 617–18 (2010)). The Court looked to the language of 18 U.S.C. § 3742(a), which provides that a "defendant may file a notice of appeal in the district court for review of an otherwise final sentence." *Id.* at 1271. And "[b]y deferring restitution, the court is

*declining* to announce a sentence." *Id.* at 1273. Our holding today is thus at least suggested by the Court's reasoning in *Manrique* and the plain language of § 3742(a).

Indeed, two justices appear to have read *Manrique* to allow the result we reach. *See id.* at 1274 (Ginsburg, J., dissenting) ("[A] defendant wishing to appeal his sentence and conviction when a restitution determination has been deferred has two choices: (1) He may immediately appeal his conviction and sentence of imprisonment, and later appeal the restitution order when made; or (2) he may await the restitution order and then appeal, through a single notice, his conviction, sentence of imprisonment, and restitution order."). While we are not bound to follow a view expressed by just two justices in dissent, we find the conclusion logical, particularly considering the majority did not present a contrary view.

*Corey v. United States*, 375 U.S. 169 (1963), is also instructive. In *Corey*, the district court sentenced a defendant to a maximum term of custody and required the Bureau of Prisons to study the defendant for up to three months, pursuant to 18 U.S.C. § 4208(b). *Id.* at 170. The district court then reconsidered the defendant's sentence in light of the report and issued a final sentence. *Id.* The defendant did not appeal until after the district court's final sentence. *Id.* The Supreme Court held the defendant could have appealed within ten days of his original commitment to prison, or within ten days of the final sentencing. "While an initial commitment . . . is, as we have pointed out, freighted with sufficiently substantial indicia of finality to support an appeal, the fact remains that the proceedings in the trial court are not actually terminated until after the period of diagnostic study, review of the same by the district judge, and final sentence." *Id.* at 175. Thus, "[l]ong-accepted and

conventional principles of federal appellate procedure require recognition of the defendant's right to await the imposition of final sentence before seeking review of the conviction." *Id.* at 176.[1]

Those same long-accepted principles support our decision here. Because restitution is an aspect of sentencing, *see* Fed. R. Crim. P. 11 advisory committee's note to 1985 amendment, Shehadeh's sentence was not final until the amended judgment issuing restitution was ordered. *See also Manrique*, 137 S. Ct. at 1273 ("By deferring restitution, the court is *declining* to announce a sentence."). We will not disturb his right to await that sentence before appealing.[2]

## III

Shehadeh challenges the district court's holding that it lacked jurisdiction over his motion to withdraw, claims that the district court violated his Sixth Amendment rights, and raises, for the first time on appeal, an ineffective assistance of counsel claim. While we hold the district court had jurisdiction over the motion to withdraw the plea, the district court did not plainly err in denying the motion because Shehadeh's plea was knowing and voluntary. The remainder of Shehadeh's claims are barred by the appellate waiver in

---

[1] The Court also noted that the defendant's decision to appeal might depend on the severity of the final sentence. *Corey*, 375 U.S. at 176. So too in deferred restitution cases; the amount of restitution is a factor a defendant may consider in deciding whether to appeal.

[2] Judicial economy also favors this rule. The government's proposed rule would require a defendant to appeal twice: first, immediately after the custodial sentence is imposed, and then again after the amount of restitution is determined. This rule would be inefficient, and it is required neither by *Manrique* nor by the Federal Rules of Appellate Procedure.

his plea agreement. And we decline to consider his ineffective assistance of counsel claim for the first time on appeal.

## A

We review whether the district court had jurisdiction to allow the defendant to withdraw his plea de novo. *See United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011). A defendant may withdraw a guilty plea after the court accepts the plea, but before it imposes sentence, if "the defendant can show a fair and just reason" for withdrawal. Fed. R. Crim. P. 11(d)(2)(B). Once the district court has imposed its sentence, the defendant may no longer withdraw the plea. Fed. R. Crim. P. 11(e). The district court held it lacked jurisdiction to allow Shehadeh to withdraw his guilty plea because it had sentenced Shehadeh to prison over two months before he filed his motion to withdraw. But the district court erred in that determination. As we have already noted, "[b]y deferring restitution, the court is *declining* to announce a sentence." *Manrique*, 137 S. Ct. at 1273. Because the district court had delayed a final sentence by deferring restitution, it had jurisdiction to allow Shehadeh to withdraw his guilty plea until the final restitution order if he presented a "fair and just reason" to do so. Fed. R. Crim. P. 11(d)(2)(B).[3]

## B

Although the district court had jurisdiction to allow Shehadeh to withdraw his plea, we conclude the district

[3] Our holding is also consistent with the Fifth Circuit's reasoning in *United States v. Corn*, 836 F.2d 889, 894 (5th Cir. 1988) (stating a defendant could have moved to withdraw his guilty plea any time between the sentencing hearing and final order of restitution).

court did not plainly err when it denied Shehadeh's motion to withdraw.  *See* Fed. R. Crim. P. 11(d)(2)(B).  Shehadeh contends he was entitled to withdraw his plea because: (1) the plea was a result of the government's threat to prosecute his family members, and (2) the plea was impacted by a health episode that Shehadeh experienced on the day before the change of plea hearing.  Both arguments are unavailing.

Because Shehadeh did not object during his plea colloquy regarding the alleged government coercion or with respect to his health, this Court reviews for plain error.  *See United States v. Escamilla-Rojas*, 640 F.3d 1055, 1061–62 (9th Cir. 2011).  We find no error here, much less any error that affected the defendant's substantial rights or seriously affected the fairness, integrity, or public reputation of judicial proceedings.  *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904–05 (2018).

First, the district court did not err, let alone plainly err, in determining that Shehadeh's plea was not coerced.  The district court, as required, addressed Shehadeh in open court and determined his plea was voluntary and did not result from force, threats, or promises (other than promises in the plea agreement).  Fed. R. Crim. P. 11(b)(2).  Specifically, Shehadeh affirmed that he entered his pleas voluntarily and because he was guilty, and that no one had threatened him or made any promises to try to induce him to plead guilty.  The government interjected that it did not threaten to prosecute the defendant's family members or forfeit his ex-wife's property.  And Shehadeh affirmed there was no undue pressure.

Based on its several inquiries as to the voluntariness of Shehadeh's plea, the district court properly credited Shehadeh's testimony at the Rule 11 hearing over his

subsequent claims of coercion.  *See United States v. Castello*, 724 F.2d 813, 815 (9th Cir. 1984).  "We will not upset the trial court's findings of fact unless they are clearly erroneous." *Id.*  Accordingly, we hold the district court did not err in concluding that Shehadeh's plea was not coerced by threats or promises not to prosecute his family or forfeit their property.

The district court also did not plainly err in rejecting Shehadeh's argument that his plea was involuntary in light of his health.  The day before his plea hearing, Shehadeh passed out, and then walked under his own power with "a steady gaits [sic]" and "erect posture" to the medical floor.  In a letter to the district court, filed two weeks after his plea hearing, Shehadeh described this episode as fainting or losing consciousness.  In a second letter, filed nearly two months after the plea hearing, Shehadeh described the episode as a "stroke."  Shehadeh now argues his plea was involuntary due to this stroke or fainting.  But on the day of the health episode, Shehadeh told medical personnel "that he did not pass out or faint but just felt a little dizzy," and "insist[ed] he[] [was] fine . . . and want[ed] to go back to his cell."  Additionally, nothing in the plea colloquy suggests Shehadeh was mentally impaired.  Accordingly, the district court did not err in concluding Shehadeh's pleas were knowing and voluntary.

## C

Because Shehadeh's plea was knowing and voluntary, the waiver in his plea agreement bars his remaining claims that the district court violated his Sixth Amendment right to a public trial and that the record lacked information required by Federal Rule of Criminal Procedure 32 because the district court proceeded immediately to sentencing without preparation of a presentence report.

Shehadeh's plea agreement included a waiver surrendering his right to appeal the guilty plea, conviction and the sentence imposed if the sentence did not exceed thirty years.  The district court reviewed that waiver with Shehadeh at the plea colloquy, and he acknowledged he was subject to that waiver.  The waiver is enforceable because "the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised" and "the waiver was knowingly and voluntarily made."  *United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004).

We note that this Court previously held defendants cannot waive the preparation of a presentence report.  *United States v. Turner*, 905 F.2d 300, 301 (9th Cir. 1990).  However, that holding was predicated on "strict compliance" with the Sentencing Guidelines, which were mandatory at the time.  *Id.*  In light of the Supreme Court's subsequent holding in *United States v. Booker*, 543 U.S. 220 (2005), that the Sentencing Guidelines are advisory, *Turner*'s holding that a presentence report cannot be waived is no longer good law.[4]  Congress has not acted since *Booker* to prohibit waiver of a presentence report.  We will not prohibit that waiver here, where the defendant knowingly waived his right to preparation of a presentence report and asked to proceed to sentencing as quickly as possible.

## D

Shehadeh also raises an ineffective assistance of counsel claim, arguing prior counsel did not file an appeal even

---

[4] That even constitutional rights, such as the right to trial, are waivable further counsels in favor of our holding that defendant may waive preparation of a presentence report. *See United States v. Olano*, 507 U.S. 725, 733 (1993).

though Shehadeh requested that he do so. "Claims of ineffective assistance of counsel are generally inappropriate on direct appeal" and should be raised in habeas corpus proceedings to allow for development of the record. *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000). The record here is not "sufficiently developed to permit review and determination of the issue." *Id.* Any ineffective assistance of counsel claim Shehadeh may raise must be filed through a habeas petition.

∗ ∗ ∗

The judgment of the district court is **AFFIRMED**.