**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>RUBEN GONZALO DURAN SANCHEZ,<br><br>Defendant-Appellant. | No.  20-10045<br><br>D.C. No.<br>1:18-cr-00220-NONE-SKO-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted September 3, 2021[**]
San Francisco, California

Before:  SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

Pursuant to a plea agreement, appellant Ruben Gonzalo Duran Sanchez

pleaded guilty to conspiracy to distribute and possession with intent to distribute

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

methamphetamine under 21 U.S.C. §§ 846, 841(a)(1). The district court sentenced Duran Sanchez to 263 months of imprisonment.

Duran Sanchez appeals, arguing that the district court's misstatement of the maximum sentence during plea colloquy rendered his guilty plea involuntary, that the district court erred under Fed. R. Crim. P. 32 by refusing to resolve a dispute about the inclusion of a prior conviction in his presentence report that he claims he did not commit, and that his sentence is substantively unreasonable for following the 10:1 ratio for pure versus actual methamphetamine in the Sentencing Guidelines. We now affirm.

1.     During the plea colloquy, the district court asked Duran Sanchez: "Do you understand that this -- that Count 1 carries a maximum term of ten years, a mandatory minimum of incarceration, and a five-year mandatory minimum term of supervised release unless there is a motion by the government for less time?" Ten years is the mandatory minimum for Duran Sanchez's offense and the maximum is life.

When a defendant fails to object to an error under Fed. R. Crim. P. 11, the "defendant has the burden to satisfy the plain-error rule." *United States v. Vonn*, 535 U.S. 55, 59 (2002). "To establish plain error, the defendant must at least demonstrate error, that the error was plain, and that the error prejudiced his

substantial rights." *United States v. Lopez*, 4 F.4th 706, 719 (9th Cir. 2021).

Assuming that the error was plain, it did not prejudice Duran Sanchez's substantial

rights because the record includes no evidence that he "actually lacked

understanding" of the potential sentence. *United States v. Covian-Sandoval*, 462

F.3d 1090, 1095 (9th Cir. 2006). Duran Sanchez was advised of the correct

sentencing range three times prior to the plea colloquy, and the record does not

indicate that he relied on the district court's alleged misstatement in pleading

guilty.

2.      Duran Sanchez's plea agreement states that "defendant agrees as part

of his plea/pleas . . . to give up the right to appeal the guilty plea, conviction, and

the sentence imposed in this case." "An appeal waiver in a plea agreement is

enforceable if the language of the waiver encompasses the defendant's right to

appeal on the grounds raised, and if the waiver was knowingly and voluntarily

made." *United States v. Minasyan*, 4 F.4th 770, 777–78 (9th Cir. 2021) (cleaned

up).

First, the appeal waiver in this case was knowing and voluntary. *See United

States v. Lo*, 839 F.3d 777, 784 (9th Cir. 2016) ("[A] defendant can validly waive

appeal rights without being informed of the severity of the sentence that will be

imposed . . . ."). Duran Sanchez argues that his plea agreement is invalid because

3

the government breached the agreement by acting in bad faith and contrary to its express terms. Because this argument was not raised at sentencing, we review for plain error. *United States v. Hernandez-Castro*, 814 F.3d 1044, 1046 (9th Cir. 2016). The government did not act in bad faith by recommending a sentence that included criminal history points for a conviction that Duran Sanchez claims he did not commit. It relied on online court records to verify the prior conviction, and the fact that the government did not credit Duran Sanchez's allegations in making its recommendation does not clearly or obviously indicate that it acted in bad faith. Furthermore, the government did not breach the express terms of the agreement. The agreement states that "the defendant understands that there is no agreement as to defendant's criminal history or criminal history category" and "[t]he government will recommend that the defendant be sentenced to the low end of the applicable guideline range for his offense . . . ." The presentence report found that the applicable range was 292–365 months of imprisonment, and the district court noted that the government recommendation was "at the low end" of that range.

Second, the terms of the agreement encompass Duran Sanchez's right to appeal on the grounds raised. Duran Sanchez argues that the district court erred under Fed. R. Crim. P. 32 by refusing to consider his objection to consideration of a prior conviction in the presentence report because the prior conviction was not

4

actually committed by him, but by his brother—this ground is covered by an appeal waiver that includes the defendant's sentence. *See United States v. Shehadeh*, 962 F.3d 1096, 1102 (9th Cir. 2020). He also argues that his sentence was substantively unreasonable because the district court followed the 10:1 ratio for pure-versus-actual methamphetamine from the Sentencing Guidelines—this ground is also covered by an appeal waiver that covers the defendant's sentence. *See United States v. King*, 985 F.3d 702, 710 (9th Cir. 2021).

The validity of Duran Sanchez's guilty plea and the sentence of the district court are upheld.

**AFFIRMED.**