**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-4597**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEXTER JAMAL WILLIAMS, a/k/a Baby D,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:20-cr-00250-M-1)

———————

Submitted:  October 31, 2022                          Decided:  November 15, 2022

———————

Before THACKER and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————

**ON BRIEF:** James W. Kilbourne, Jr., ALLEN STAHL & KILBOURNE, PLLC, Asheville, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dexter Jamal Williams appeals his convictions and 168-month sentence imposed following his guilty plea to Hobbs Act robbery (Count 1), in violation of 18 U.S.C. §§ 2, 1951, and brandishing a firearm in furtherance of a crime of violence (Count 2), in violation of 18 U.S.C. §§ 2, 924(c). Williams' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning: (1) whether aiding and abetting Hobbs Act robbery is a predicate crime of violence supporting Williams' § 924(c) conviction; and (2) whether Williams' sentence (a) is procedurally unreasonable, (b) was tainted by a partial closure of the sentencing hearing that violated his right to a public trial, (c) was supported by unreliable witness testimony, (d) failed to satisfy the need to avoid unwarranted sentencing disparities, and (e) unreasonably relied upon a finding that Williams' offense conduct was violent. Williams was notified of his right to file a pro se supplemental brief but has not done so. The Government moves to dismiss the appeal pursuant to the appeal waiver in the plea agreement, which Williams opposes. We dismiss in part and affirm in part.

We review the enforceability of an appeal waiver de novo. *United States v. McLeod*, 972 F.3d 637, 640 (4th Cir. 2020). "When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Beck*, 957 F.3d 440, 445 (4th Cir. 2020).

"A 'valid' appeal waiver is one entered by the defendant knowingly and intelligently, a determination that we make by considering the totality of the

2

circumstances." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Williams does not contest the validity of the waiver, and our review of the record confirms that he knowingly and voluntarily waived his right to appeal. Thus, we will enforce the waiver to bar all issues within its scope.

Counsel asserts that the waiver does not preclude Williams' appeal, both because specific issues he raises cannot validly be waived and because the waiver's language is too ambiguous to permit its application to Williams' appeal. Addressing first the waiver's language, we interpret plea agreements by "look[ing] to the plain language of the agreement, construing it in the ordinary sense," and apply[ing] principles of contract law to ensure that each party receives the benefit of the bargain." *Boutcher*, 998 F.3d at 608 (internal quotation marks omitted). "Because plea agreements necessarily implicate a defendant's constitutional rights, we analyze those agreements with a greater degree of scrutiny than we would evaluate a contract in a civil context." *Id.* When the language of the plea agreement is ambiguous, we construe it against the Government. *United States v. Under Seal*, 902 F.3d 412, 417-18 (4th Cir. 2018). However, we will decline to "create an ambiguity where none legitimately exists." *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017).

3

Here, we find no ambiguity in the waiver's plain language. Counsel asserts that the waiver does not apply because it bars only those appeals challenging both the conviction and the sentence, while Williams appeals only his sentence. Counsel's contention is belied by the arguments raised in the *Anders* brief and the response in opposition to the motion to dismiss. We likewise reject counsel's assertion that the waiver exempts challenges to a sentence as "groundless." Instead, the waiver's broad language squarely encompasses the defects that counsel seeks to assert.

Turning to the scope of the appeal waiver, Williams' waiver does not preclude him from challenging the validity of his guilty plea. *See McCoy*, 895 F.3d at 364. Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea is voluntary and not the result of force, threats, or promises ancillary to the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

Because Williams did not seek to withdraw his guilty plea or otherwise object to the plea hearing in the district court, we review the adequacy of the Rule 11 colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (describing standard). Our review of the record confirms that the district court complied with Rule 11, ensuring that the plea was knowing,

4

voluntary, and supported by an independent factual basis. We therefore conclude that Williams' guilty plea is valid.

Next, as counsel observes, "a defendant who waives his right to an appeal does not subject himself to being sentenced entirely at the whim of the district court." *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Thus, even a valid appeal waiver will not preclude a defendant from raising issues on appeal that "fall within the narrow class of claims that we have allowed a defendant to raise on direct appeal despite a general waiver of appellate rights." *United States v. Lemaster*, 403 F.3d 216, 220 n.2 (4th Cir. 2005); *see United States v. Copeland*, 707 F.3d 522, 530 (4th Cir. 2013) (generally describing limited class of claims exempted from appeal waivers).

Counsel argues that several of the claims raised in the *Anders* brief fall within the limited class of nonwaivable claims exempted from valid appeal waivers. We are unpersuaded. First, counsel asserts that Williams' challenge to his § 924(c) conviction is nonwaivable because we will "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation marks omitted). However, Williams cannot make "[a] proper showing of actual innocence . . . sufficient to satisfy the miscarriage of justice requirement." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (internal quotation marks omitted); *see United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that Hobbs Act robbery is categorically crime of violence under force clause of § 924(c)); *United States v. Ali*, 991 F.3d 561, 574 (4th Cir.) ("[A]iding and abetting a crime of violence is also categorically a crime of violence."), *cert. denied*, 142 S. Ct. 486 (2021).

Next, counsel argues that Williams' challenges to the district court's explanation and reliance on unreliable witness testimony are not subject to waiver under *Marin*. To the contrary, such routine claims of procedural error fall well outside the narrow class of nonwaivable claims. We also conclude that Williams' challenge to the temporary closure of the sentencing hearing falls within the waiver's broad compass. *See United States v. Shehadeh*, 962 F.3d 1096, 1102 (9th Cir. 2020).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that would fall outside the scope of the appeal waiver. Accordingly, we deny the Government's motion to dismiss in part, affirm as to all nonwaivable issues, grant the Government's motion to dismiss in part, and dismiss as to all remaining issues.

We deny counsel's motion to withdraw from representation. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

6