FILED
United States Court of Appeals
Tenth Circuit

February 8, 2022

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CURTIS A. ANTHONY,

    Defendant - Appellant.

No. 20-6134

_____

**Appeal from the United States District Court
for the Western District of Oklahoma
(D.C. Nos. 5:20-CV-00527-C &
5:15-CR-00126-C-5)**

_____

Curtis A. Anthony, Pro Se.

Dean Sanderford, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender, with him on the briefs), Office of the Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

Steven W. Creager, Assistant United States Attorney (Robert J. Troester, Acting United States Attorney, and K. McKenzie Anderson, Assistant United States Attorney, with him on the brief), Office of United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

_____

Before **TYMKOVICH**, Chief Judge, **MATHESON**, and **PHILLIPS**, Circuit Judges.

_____

**TYMKOVICH**, Chief Judge.

_____

A federal prisoner has one year to file a motion under 28 U.S.C. § 2255 challenging his sentence. In most cases—and in this case—the one-year limitations period begins to run when the "judgment of conviction" becomes final.

This appeal addresses an open question: when does the judgment of conviction become final in a deferred restitution case? In Curtis Anthony's case, the district court sentenced him to a custodial sentence shortly after trial but did not determine the restitution amount until several months later. When Anthony later filed a § 2255 motion challenging his conviction, the district court dismissed the motion as untimely. The court concluded Anthony's one-year limitations period under § 2255 began to run when Anthony's time to appeal the initial judgment expired even though restitution proceedings were pending on direct appeal.

We conclude that a judgment of conviction is not final for § 2255 limitations purposes until the defendant's sentence becomes final upon the conclusion of direct review. Anthony's judgment of conviction has yet to become final because restitution is a component of his sentence and direct review of the restitution proceedings is still ongoing. Thus, the district court should not have dismissed Anthony's § 2255 motion as untimely.

We therefore REVERSE the district court's order dismissing Anthony's § 2255 motion as untimely, VACATE the resulting judgment, and REMAND for further proceedings consistent with this opinion.

# I. Background

After a jury convicted Curtis Anthony of child sex trafficking and conspiracy to commit child sex trafficking, the trial court sentenced Anthony to a term of imprisonment and a term of supervised release.  On October 26, 2017, the district court entered a judgment containing Anthony's convictions and sentence.  The judgment noted that Anthony must make restitution but that the determination of restitution would be deferred until a later date.  Several months later, on March 5, 2018, the district court amended the initial judgment to include the amount of restitution Anthony had to pay.

On March 16, 2018, Anthony's attorney timely filed a notice of appeal challenging only the amount of restitution imposed by the amended judgment.  Anthony claims that he told his attorney he wanted to appeal the conviction and custodial sentence but that his attorney nevertheless decided to limit the appeal to the restitution order.

While his restitution appeal was pending, Anthony filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence.  In the motion, Anthony alleged his trial counsel was ineffective for failing to appeal his conviction and sentence.  The district court struck Anthony's motion because it found that Anthony's trial counsel "did in fact file a direct appeal and that appeal is currently pending before the Tenth Circuit."  Supp. R., Vol. 1 at 34.  We later granted Anthony's appeal in part, vacated the restitution order, and remanded for

a recalculation of the restitution amount. *See United States v. Anthony*, 942 F.3d 955 (10th Cir. 2019).

On June 8, 2020, while the remanded restitution proceedings were pending, Anthony filed another motion under § 2255 to vacate his conviction and sentence. Anthony again claimed that his counsel provided ineffective assistance for limiting Anthony's direct appeal to restitution and not contesting his conviction or custodial sentence. Anthony also alleged his counsel filed a pre-trial motion to be removed from Anthony's case because his counsel was "convinced he could not completely defend Anthony against charges of the federal [government]." R., Vol. 6 at 26. Anthony did not challenge the restitution portion of the judgment in his second § 2255 motion.

The district court dismissed Anthony's second § 2255 motion as untimely. According to the court, Anthony failed to file the motion within one year of the date on which his judgment of conviction became final, as required by § 2255.

The district court reasoned that Anthony's judgment of conviction became final when the time for filing an appeal of the initial judgment—containing Anthony's convictions and custodial sentence but not the restitution amount— expired. As the district court explained, the initial judgment was entered by the court on October 26, 2017. And because Anthony did not appeal that judgment

within the 14-day timeframe set forth in Fed. R. App. P. 4(b)(1)(A)(i),[1] the

judgment became final on November 9, 2017, according to the district court.

Anthony therefore had until November 10, 2018—one year later—to file his

§ 2255 petition challenging aspects of the initial sentence. Since Anthony filed

his § 2255 petition on June 8, 2020, the district court concluded Anthony's

petition was untimely.

In dismissing Anthony's motion, the court acknowledged that Anthony

properly filed an appeal but that the "appeal challenged only the amount of

restitution—an issue not raised in the [§ 2255] Motion." R., Vol. 6 at 58.

According to the district court, "a timely § 2255 Motion raising the issues herein

had to be filed not later than November 10, 2018." *Id.* The court also determined

that the remand for resentencing and resulting amended judgment did not

"extend" the limitations period. *Id.*

Anthony appealed, arguing that his motion was not untimely because his

judgment of conviction had yet to become final due to the ongoing restitution

proceedings. We granted Anthony a certificate of appealability on the question

of whether the district court incorrectly applied the one-year statute of limitations

under § 2255.

---

[1] Rule 4 provides that a criminal defendant must file his notice of appeal "within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A)(i).

## II. Analysis

To determine whether Anthony's motion was timely, we must interpret 28 U.S.C. § 2255, a provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2255 provides that a "1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f). The statute lists four possible start dates for the one-year limitations period. *Id.* The most common start date—and the one applicable to Anthony's timeline—is "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1).

The district court concluded that Anthony's judgment of conviction became final for § 2255 purposes on November 9, 2017. That is when Anthony's time to file an appeal of the initial judgment expired, according to the district court. Anthony contends restitution is part of the judgment of conviction and that his judgment of conviction will only become final for § 2255 purposes when the pending restitution proceedings reach a final resolution.



-6-

To decide whether the district court erred, we must apply the requirements of § 2255 to the procedural timeline of Anthony's case. Specifically, we need to establish when Anthony's judgment of conviction became final and triggered § 2255's one-year period of limitations. As we see it, this determination involves two inquiries. First, is a restitution order part of the judgment of conviction under § 2255? Second, if restitution is part of the judgment of conviction, when does the one-year limitations period begin if the district court waits until after sentencing to impose a restitution amount, and that restitution order is subsequently appealed?

We review these questions de novo. *United States v. Denny*, 694 F.3d 1185, 1189 (10th Cir. 2012).

### A. *Restitution as Part of the Sentence*

It is undisputed that the "judgment of conviction" includes the defendant's sentence as well as his conviction. *See Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). Though Congress did not define "judgment of conviction" in § 2255, Congress has explained elsewhere that "[i]n the judgment of conviction, the court must set forth the plea, the jury verdict or the court's findings, the adjudication, and the sentence." Fed. R. Crim. P. 32(k)(1). The Supreme Court has also told us that the judgment of conviction includes the defendant's sentence. In the AEDPA context, the Supreme Court has held that a defendant's judgment of conviction did not become final "until both his conviction *and*

-7-

sentence became final."[2]  *Burton v. Stewart*, 549 U.S. 147, 156–57 (2007) (internal quotation marks omitted).  Given this background, it is unsurprising that the parties in this case agree that the "judgment of conviction" includes both the conviction and the sentence.

While the parties agree that the judgment of conviction includes the sentence, the parties disagree about whether restitution is *part of* the sentence. The government contends that restitution is not part of the sentence but rather a sanction that is imposed in addition to the sentence.

We conclude that restitution is a component of a criminal sentence and therefore included in the judgment of conviction.  Our conclusion is based on the restitution statutes and Supreme Court precedent, both of which treat restitution as part of the defendant's sentence.

The federal restitution statutes generally refer to restitution as being part of the criminal sentence.  For instance, the statute setting forth the procedures for issuing an order of restitution states that a "*sentence* that imposes an order of restitution is a final judgment" even though "such a *sentence*" can later be corrected, appealed, amended, or adjusted.  18 U.S.C. § 3664(o) (emphasis added).  Section 3664 also provides that restitution orders may be appealed under

---

[2]  The habeas statute at issue in *Burton* was 28 U.S.C. § 2244(d)(1), not § 2255. Although the statutes differ slightly in their description of when a judgment of conviction becomes final, the Supreme Court has held that finality has the same meaning under both statutes.  *See Clay v. United States*, 537 U.S. 522, 528–32 (2003).

the same statute that authorizes appeals of criminal sentences. *Id.*
§ 3664(o)(1)(B) (referencing 18 U.S.C. § 3742). And the restitution statutes
direct courts to order restitution "when sentencing a defendant." *Id.*
§ 3663(a)(1)(A); *id.* § 3663A(a)(1); *see also id.* § 3556 ("The court, in imposing a
sentence on a defendant who has been found guilty of an offense shall order
restitution[.]").

In the same vein, the Mandatory Victims Restitution Act (MVRA)
describes the determination of restitution as part of the "sentencing process" and
authorizes courts to forgo ordering restitution if determining the amount of the
victim's losses would "complicate or prolong the sentencing process to a degree
that the need to provide restitution to any victim is outweighed by the burden on
the sentencing process." *Id.* § 3663A(c)(3)(B). Taken as a whole, these statutes
indicate that a criminal sentence includes restitution. *See also id.* § 3611
(referring to a "person who is sentenced to pay . . . restitution"); *id.* § 3614(a)
(authorizing courts to "resentence the defendant to any sentence which might
originally have been imposed" if the defendant knowingly fails to pay
restitution).

The government argues restitution is not a part of the sentence but rather a
sanction that is imposed in addition to the sentence. The government directs us to
18 U.S.C. § 3551(b), which provides that a defendant convicted of a federal crime
shall be sentenced to (1) a term of probation, (2) a fine, or (3) a term of
imprisonment. The statute does not list restitution as a sentence under subsection

(b). Instead, the statute states that a "sanction authorized by section 3554, 3555, or 3556 may be imposed in addition to the sentence required by this subsection." *Id.* § 3551(b). Because § 3556 is a restitution statute, the government contends that Congress must have intended for restitution to be a sanction separate from the criminal sentence. In the government's view, only a term of probation, a fine, or a term of imprisonment qualifies as a sentence. We disagree.

The government misreads § 3551(b), which simply states that a federal sentence must include at least one of three components: either (1) probation, (2) a fine, or (3) a term of imprisonment. It then says a court may also order restitution "*in addition to the sentence required by this subsection.*" *Id.* (emphasis added). The statute thus does not regard restitution as distinct from a sentence. It merely states that every sentence has a mandatory component and allows for restitution as part of a sentence when circumstances warrant it.

Any uncertainty surrounding § 3551 is easily resolved by looking to the Supreme Court's treatment of restitution.[3] The Supreme Court has consistently treated restitution as a component of the criminal sentence. In *Manrique v. United States*, for instance, the majority opinion begins with the following

---

[3] The government also points to several statutes where Congress chose to use the phrase "judgment of conviction" to refer to probation, fines, and imprisonment, and then refrained from using the phrase when describing restitution. *See* Aple. Br. at 14–16. But this is beside the point. Congress and the Supreme Court have told us unequivocally that the "judgment of conviction" includes the sentence. *See* Fed. R. Crim. P. 32(k)(1); *Burton*, 549 U.S. at 156–57. So if restitution is part of the sentence, it is part of the judgment of conviction.

explanation: "Sentencing courts are required to impose restitution *as part of the sentence* for specified crimes." 137 S. Ct. 1266, 1270 (2017) (emphasis added). Later in the opinion, the majority explains that when a court imposes a term of imprisonment but waits to impose restitution, there is no sentence until the court enters an amended judgment to include the "sentence of restitution." *Id.* at 1273. *Manrique* tells us that when a court defers imposing restitution until after sentencing, "the court is *declining* to announce a sentence." *Id.*[4]

The Supreme Court has similarly observed that while the primary purpose of restitution is to make victims whole, restitution also "serves punitive purposes." *Paroline v. United States*, 572 U.S. 434, 456 (2014); *see also Pasquantino v. United States*, 544 U.S. 349, 365 (2005) ("The purpose of awarding restitution in this action is not to collect a foreign tax, but to mete out appropriate criminal punishment for that conduct."); *Kelly v. Robinson*, 479 U.S. 36, 49 n.10 (1986) ("[T]he direct relation between the harm and the punishment gives restitution a more precise deterrent effect than a traditional fine.").[5]

---

[4] We acknowledge that in adjacent sentences with similar phrasing, Congress referred to a fine as a "sentence" but a restitution order as a "sanction." *See* 18 U.S.C. § 3551(b) ("A sentence to pay a fine may be imposed in addition to any other sentence. A sanction authorized by section 3554, 3555, or 3556 may be imposed in addition to the sentence required by this subsection."). Still, the reading most consistent with the overall statutory scheme and Supreme Court precedent is what we adopt.

[5] Our precedent is less clear about whether restitution serves a punitive function. We have previously held that restitution statutes such as the MVRA do not inflict criminal punishment and thus are not punitive. *See United States v. Serawop*, 505 (continued . . .)

Restitution resembles other components of a criminal sentence in that it is "imposed by the Government 'at the culmination of a criminal proceeding and requires conviction of an underlying' crime." *Paroline*, 572 U.S. at 456 (quoting *United States v. Bajakajian*, 524 U.S. 321, 328 (1998)); *see also id.* ("[D]espite the differences between restitution and a traditional fine, restitution still implicates the prosecutorial powers of government[.]") (internal quotation marks and citations omitted). Like the other portions of a sentence, restitution is intended to some degree to inflict criminal punishment and serve as a deterrent. The Supreme Court's treatment of restitution as a method of imposing criminal punishment rather than solely performing a restorative function supports our conclusion that restitution is a component of the criminal sentence.[6]

---

F.3d 1112, 1122 (10th Cir. 2007); *see also United States v. Visinaiz*, 428 F.3d 1300, 1316 (10th Cir. 2005) ("In the Tenth Circuit, restitution is not criminal punishment."). But we reexamined this conclusion after the Supreme Court explained in *Paroline* that restitution "serves punitive purposes." *United States v. Ferdman*, 779 F.3d 1129, 1132 (10th Cir. 2015) (quoting *Paroline*, 572 U.S. at 456). We recognized in *Ferdman* that "the Supreme Court's statement [in *Paroline*] regarding the general nature of criminal restitution calls into question our view that the MVRA lacks a penal element." *Id.* at 1132 n.1.

[6] Nearly all the other circuits also view restitution as penal and part of the criminal sentence. *See United States v. Ziskind*, 471 F.3d 266, 270 (1st Cir. 2006) ("[R]estitution ordered as part of a criminal sentence is a criminal penalty, not a civil remedy."); *Gonzalez v. United States*, 792 F.3d 232, 236 (2d Cir. 2015) ("Restitution is a serious component of criminal punishment."); *United States v. Leahy*, 438 F.3d 328, 335 (3d Cir. 2006) ("[R]estitution ordered as part of a criminal sentence is criminal rather than civil in nature."); *United States v. Bruchey*, 810 F.2d 456, 461 (4th Cir. 1987) ("Criminal restitution . . . is part of the sentencing process [and thus] is fundamentally 'penal' in nature."); *United States v. Chaney*, 964 F.2d 437, 451 (5th Cir. 1992) ("Restitution under the (continued . . .)

-12-

Like the Supreme Court and the other circuits, we tend to treat restitution as part of the criminal sentence. We have explained that an order imposing a restitution amount greater than the total loss caused by the defendant constitutes an "illegal sentence." *United States v. Hudson*, 483 F.3d 707, 710 (10th Cir. 2007) (quoting *United States v. Arutunoff*, 1 F.3d 1112, 1121 (10th Cir. 1993)); *see also United States v. Delano*, 981 F.3d 1136, 1137 (10th Cir. 2020) ("Delano challenges the restitution portion of his current sentence[.]"). We have also referred to restitution proceedings as a "phase of criminal sentencings." *United States v. Ferdman*, 779 F.3d 1129, 1133 (10th Cir. 2015).

Our conclusion that restitution is part of the sentence also conforms with the realities of the sentencing process. When a trial court defers ordering restitution until after sentencing, the court does not enter a separate judgment

---

[Victim and Witness Protection Act of 1982 (VWPA)] is a criminal penalty and a component of the defendant's sentence"); *United States v. Vandeberg*, 201 F.3d 805, 814 (6th Cir. 2000) ("Restitution is a part of one's sentence[.]"); *United States v. United Sec. Sav. Bank*, 394 F.3d 564, 567 (8th Cir. 2004) ("A criminal restitution order is penal, not compensatory."); *United States v. Snider*, 957 F.2d 703, 706–07 (9th Cir. 1992) ("Restitution imposed as a component of the defendant's sentence is a criminal penalty, not a civil remedy."); *United States v. Satterfield*, 743 F.2d 827, 837 (11th Cir. 1984) ("The history [of the VWPA] is replete with references to restitution as part of the criminal sentence. . . . There can be little doubt that Congress intended the restitution penalties of the VWPA to be incorporated into the traditional sentencing structure."); *United States v. Monzel*, 641 F.3d 528, 541 (D.C. Cir. 2011) ("Amy is asking the court to revisit her restitution award, which *is* part of Monzel's sentence."). *But see United States v. LaGrou Distrib. Sys., Inc.*, 466 F.3d 585, 593 (7th Cir. 2006) ("'[R]estitution for harm done is a classic civil remedy' that is administered for convenience by the courts that have entered criminal convictions.").

-13-

with the restitution amount. Instead, the court amends the initial judgment containing the defendant's conviction and sentence so that all the defendant is left with is a single judgment containing the entire sentence.[7] The district court here acted in accordance with this standard practice. When the court sentenced Anthony to imprisonment and supervised release, it noted on the same judgment form that Anthony "must make restitution" but that the "determination of restitution is deferred until a later date." Supp. R., Vol. 1 at 8, 11. When the district court determined Anthony's restitution amount several months later, the court did not enter a separate judgment imposing restitution—rather, it amended the original judgment containing the initial sentence to include the restitution amount. *Id.* at 18–19. This shows that, in practice and in Anthony's case, restitution is more accurately treated as part of the judgment of conviction.[8]

For these reasons, we conclude that restitution is part of the criminal sentence. And because restitution is included in the sentence, it is necessarily part of the judgment of conviction for § 2255 purposes.

---

[7] The standardized judgment form used by federal courts is Form AO 245B. *See, e.g.*, Supp. R., Vol. 1 at 6–12. The form contains designated spaces for the court to enter a term of imprisonment, supervised release, and probation, as well as to enter fines, restitution, forfeiture, and various costs.

[8] It makes further sense to view restitution as a component of the sentence because a district court may take restitution into account when imposing other parts of the sentence, such as a fine. At Anthony's sentencing hearing, for example, the district court declined to order Anthony to pay a fine in part because the court thought it "far more important that Mr. Anthony pay restitution than that he pay a fine." R., Vol. 3 at 36.

### B. *Finality in Deferred Restitution Cases*

We turn now to the next question: if restitution is part of the judgment of conviction, has Anthony's judgment of conviction become final? As we explain below, a judgment of conviction becomes final for § 2255 limitations purposes when there is no further avenue for direct appeal of any portion of the sentence, including restitution. Thus, Anthony's judgment of conviction will not become final until the pending restitution proceedings conclude.

### 1. *Finality Under § 2255(f)(1)*

"Finality is variously defined; like many legal terms, its precise meaning depends on context." *Clay v. United States*, 537 U.S. 522, 527 (2003). In the context of § 2255(f)(1), we have made it clear that "§ 2255's use of 'final' plainly means 'a decision from which no appeal or writ of error can be taken.'" *United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (quoting Black's Law Dictionary 629 (6th ed. 1990)). Thus, a judgment becomes final when the defendant's time to file a direct appeal expires or when there is no further avenue for direct appeal (*i.e.*, the Supreme Court affirms the defendant's conviction and sentence or denies the defendant's petition for a writ of certiorari). *See Clay*, 537 U.S. at 527 (under § 2255(f)(1), "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006).

As we explained above, it is settled law that the judgment of conviction is not final until the sentence is final. *See Berman*, 302 U.S. at 212 ("Final judgment in a criminal case means sentence. The sentence is the judgment."); *Burton*, 549 U.S. at 156–57 (explaining the defendant's one-year limitations period under AEDPA "did not begin until both his conviction *and* sentence became final") (internal quotation marks and citations omitted); *see also Corey v. United States*, 375 U.S. 169, 176 (1963). If any part of the sentence—including restitution—has not been finalized, then the judgment of conviction is not final. This means that a remand for resentencing delays finality until the defendant is resentenced and direct review of the new sentence is complete.[9] *United States v. Carbajal-Moreno*, 332 F. App'x 472, 474–75 (10th Cir. 2009) (unpublished) ("[A] case on remand for resentencing [is] not final for purposes of habeas proceedings . . . until the resentencing and the direct appeal thereof [are] complete.") (citing *Burton*, 549 U.S. at 156).

Applying these principles to the facts at hand, we conclude that Anthony's § 2255 motion was timely. The district court entered an initial judgment containing Anthony's convictions and custodial sentence on October 26, 2017. But that judgment was not final for § 2255 purposes because the amount of

---

[9] This rule applies unless "the resentencing is purely ministerial, such that the district court is limited on remand." *Najera v. Murphy*, 462 F. App'x 827, 829 (10th Cir. 2012) (unpublished). A ministerial remand is one that requires a "routine, nondiscretionary act by the district court that could not have been appealed on any valid ground." *Carbajal-Moreno*, 332 F. App'x at 476 (citing *Burrell v. United States*, 467 F.3d 160, 161, 165–66 (2d Cir. 2006)).

restitution had yet to be determined. When the district court entered the restitution amount on March 5, 2018, Anthony appealed the restitution portion of his sentence. Anthony's appeal further delayed the finality of the judgment of conviction for § 2255 limitations purposes. *See Burton*, 549 U.S. at 156–57.

After we vacated the district court's first restitution order, the district court entered a second amended judgment with a new restitution amount, which the government appealed. Like Anthony's appeal of the first amended judgment, the government's appeal postponed the finality of Anthony's judgment of conviction.

The district court concluded the deferred restitution order and remand for resentencing did not "extend" Anthony's limitations period. R., Vol. 6 at 58. The government similarly characterizes the issue in this case as whether a deferred restitution order "restarts" the limitations period. Aple. Br. at 10. The issue before us is not whether Anthony's § 2255 period of limitations was extended or restarted—rather, the issue is whether Anthony's one-year period under § 2255 ever started in the first place. Because restitution proceedings are still pending, we conclude Anthony's § 2255 limitations period has yet to begin.[10]

---

[10]  Our holding is consistent with the Second Circuit's decision in *Gonzalez v. United States*, 792 F.3d 232 (2d Cir. 2015). In that case, the Second Circuit was confronted with facts similar to the facts before us. The district court entered an initial judgment with a term of imprisonment but noted that restitution would be determined later. *Id.* at 233. The district court dismissed the defendant's § 2255 motion as untimely because he filed it more than a year after the initial judgment, even though the motion was filed within one year of the entry of an amended judgment following a remand for the recalculation of the restitution amount. *Id.* at 234. The Second Circuit reversed and held that the AEDPA limitations period "begins to run only when the revised restitution order becomes final." *Id.* at 233.

The government's argument that Anthony's judgment of conviction has already become final is twofold. The government argues (1) there were two final judgments in Anthony's case, and (2) because the second judgment containing only the restitution order is not subject to collateral attack, the first judgment must be the judgment of conviction for § 2255 purposes. For support, the government relies on the Supreme Court's decision in *Manrique*, in which the Court held that there are two final appealable judgments in deferred restitution cases. 137 S. Ct. at 1272–73. The government also relies on our prior cases holding that a restitution order is not subject to collateral attack under the habeas statutes.

We begin with the government's argument that there were two final judgments in this case based on *Manrique*. In *Manrique*, like here, the district court entered an initial judgment without determining the amount of restitution. *Id.* at 1270. The defendant timely appealed the initial judgment and the court later entered an amended judgment with the restitution amount. *Id.* Although the defendant never appealed the amended judgment, the defendant attempted to challenge the restitution amount through his earlier appeal of the initial judgment. *Id.* at 1270–71. The defendant claimed that his appeal of the initial judgment "springs forward" to appeal the amended judgment imposing restitution. *Id.* at 1272. The Supreme Court rejected this argument and held that the defendant forfeited his right to challenge the restitution order because he failed to file a notice of appeal from that order. *Id.*

Relevant here, the Court also rejected the defendant's argument that in a deferred restitution case, there is only one "judgment" as that term is used in Federal Rule of Appellate Procedure 4. *See* Fed. R. App. P. 4(b)(1)(A)(i) (notice of appeal must be filed within 14 days after "the entry of either the judgment or the order being appealed."). The defendant argued that the initial judgment and amended judgment imposing a restitution amount had merged to become a single judgment for appellate review purposes. *Manrique*, 137 S. Ct. at 1272. The Court disagreed, explaining that "deferred restitution cases involved two appealable judgments, not one." *Id.* at 1272–73 (citing *Dolan v. United States*, 560 U.S. 605, 618 (2010)). According to the Court, both the initial judgment and the subsequent order of restitution are each "immediately appealable final judgments." *Id.* at 1272.

The government relies on *Manrique* to argue that there were two final judgments in Anthony's case—the first being the conviction and initial sentence and the second being the restitution order. While it is true that there are two final judgments in deferred restitution cases for *direct appeal* purposes, the government's argument that there are two final judgments for AEDPA purposes is misplaced. Under § 2255(f)(1), there is only one final judgment of conviction.

This difference between the direct appeal context and AEDPA context can be seen in the text of the applicable statutes. Federal Rule of Appellate Procedure 4 provides in relevant part that a criminal defendant must file his notice of appeal within 14 days after "the entry of either the judgment or the

-19-

order being appealed." Fed. R. App. P. 4(b)(1)(A)(i). By its plain language, the rule contemplates that there may be more than one judgment or order. On the other hand, § 2255 speaks of a single judgment, the judgment of conviction: "The limitation period shall run from . . . [t]he date on which *the* judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1) (emphasis added). So while there can be multiple judgments in a deferred restitution case for direct appeal purposes, only one final judgment exists for § 2255(f)(1) purposes.

For this reason, it does not matter that restitution is not subject to collateral attack. *See Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008) (holding the payment of restitution on its own is not a "significant restraint on liberty" contemplated in the custody requirement of the federal habeas statutes). Nor does it matter that Anthony never appealed his conviction or initial sentence within the 14-day window. Because there is only one judgment of conviction for § 2255 purposes and restitution is part of the judgment of conviction, Anthony's § 2255 limitations period will only begin once restitution proceedings conclude.

The government's application of *Manrique* to the § 2255 context not only conflicts with the language of the statute, but it is also inconsistent with the Supreme Court's decision in *Burton v. Stewart*, 549 U.S. 147 (2007). In *Burton*, the defendant challenged the dismissal of his § 2244 petition as an unauthorized successive petition. *Id.* at 152. The defendant filed his first habeas petition after he was convicted but before the state review of his sentencing claims was

-20-

complete. *Id.* at 151. Later, the defendant filed a second habeas petition challenging his new sentence imposed after resentencing. *Id.* at 151–52. The lower court dismissed the second petition as an unauthorized successive petition. *Id.* at 152.

On appeal, the defendant argued that he had to file his first petition before the state review of his sentencing claims was complete because if he did not, he risked losing the opportunity to collaterally attack his conviction due to AEDPA's one-year statute of limitations. *Id.* at 156. The Supreme Court rejected this argument, explaining that the defendant's AEDPA limitations period "did not begin until both his conviction *and* sentence 'became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* at 156–57 (quoting 28 U.S.C. § 2244(d)(1)(A)).

Because we conclude that restitution is part of the sentence and direct review of the restitution amount is pending, we hold that Anthony's AEDPA limitations period has not commenced.[11] Thus, the district court erred by

---

[11] We recognize that our ruling could lead to delays in federal habeas review. But even though AEDPA "seeks to eliminate delays in the federal habeas review process . . . [i]t did not seek to end every possible delay at all costs." *Holland v. Florida*, 560 U.S. 631, 648, 649 (2010). In any event, Anthony did not cause the delay in this case; the parties agreed to continue the restitution hearing because "Anthony ha[d] only recently been sentenced and Defendant Baker [had] yet to enter his guilty plea." Supp. R., Vol. 2 at 27–28. Moreover, Congress has authorized district courts to delay the determination of restitution for up to 90 days after sentencing. 18 U.S.C. § 3664(d)(5); *see also Dolan v. United States*, 560 U.S. 605, 607–08 (2010) (a court may delay ordering restitution for more (continued . . .)

dismissing Anthony's § 2255 motion as untimely.[12]

### 2. Appeals in Deferred Restitution Cases

We turn now to the final unresolved issue in this case: whether the district court erred in concluding that Anthony's time to appeal his conviction and initial sentence expired 14 days after the entry of the initial judgment. While the Supreme Court decided in *Manrique* that a direct appeal of an initial judgment does *not* include an appeal of a subsequent restitution order, the Court left open the converse question of whether a direct appeal of a subsequent restitution order can include an appeal of the initial judgment.

The Supreme Court's decision in *Corey* sheds some light on the question. There, the trial court imposed a preliminary sentence, including custody, but deferred imposing a final sentence until after the Bureau of Prisons completed a study of the defendant pursuant to 18 U.S.C. § 4208(b). *Corey*, 375 U.S. at 170. After the Bureau completed the study, the district court reconsidered its initial sentence and imposed a final sentence of probation rather than imprisonment. *Id.* The defendant appealed the new sentence, but the appeal was dismissed as

---

than 90 days after sentencing so long as the court informs the defendant that restitution will be imposed).

[12] The fact that Anthony's one-year limitations periods has not started does not mean that Anthony needs to wait until restitution proceedings conclude to challenge his conviction and custodial sentence under § 2255. So long as there is no potential conflict between the collateral proceedings and the direct appeal—and there is no conflict in Anthony's case—a district court may entertain a § 2255 motion while a direct appeal is pending. *See Prows*, 448 F.3d at 1228.

untimely on the ground that the time to appeal had expired ten days after entry of the initial sentence. *Id.* at 170–71.

The Supreme Court reversed and held that the defendant's appeal was timely. *Id.* at 175. The Court explained that while the defendant *could* have filed his appeal after the initial sentence, he was not *required* to do so: "While an initial commitment under § 4208(b) is . . . freighted with sufficiently substantial indicia of finality to support an appeal, the fact remains that the proceedings in the trial court are not actually terminated until after the period of diagnostic study, review of the same by the district judge, and final sentence." *Id.* "Long-accepted and conventional principles of federal appellate procedure require recognition of the defendant's right to await the imposition of final sentence before seeking review of the conviction." *Id.* at 176.

Consistent with *Corey*, other circuits have held that a defendant in a deferred restitution case may wait until restitution is ordered before filing an appeal. *See United States v. Muzio*, 757 F.3d 1243, 1250 (11th Cir. 2014) ("The Supreme Court has . . . recognized that if the defendant chooses to do so, he may avoid bifurcation of his appeal by waiting until restitution has been resolved to appeal.") (citing *Corey*, 375 U.S. at 175); *United States v. Shehadeh*, 962 F.3d 1096, 1099 (9th Cir. 2020) ("[W]here a district court defers its restitution order, a defendant wishing to appeal his conviction and sentence of imprisonment may enter a notice of appeal *either* within fourteen days following the district court's

-23-

entry of the custodial sentence, *or* within fourteen days of the entry of the amended judgment.").

Our own precedent supports this conclusion. In *United States v. Paup*, 933 F.3d 1226 (10th Cir. 2019), we held that "a defendant sentenced to imprisonment *need not* wait until restitution is finally resolved . . . before being allowed to challenge her conviction and sentence on appeal." *Id.* at 1230 (emphasis added). This language implies that a defendant may wait to appeal his conviction and initial sentence until after restitution is ordered. This makes sense. A defendant may want to challenge a custodial sentence as soon as possible, even if collateral matters are yet to be resolved.[13]

We thus conclude that in a deferred restitution case a defendant may file his appeal of his conviction and sentence within 14 days of either (1) the entry of the initial judgment or (2) the entry of the amended judgment containing the restitution amount.[14] *See* Fed. R. App. P. 4(b)(1)(A)(i); *Paup*, 933 F.3d at 1230.

---

[13] Our conclusion promotes judicial economy. *See Shehadeh*, 962 F.3d at 1100 n.2 ("The government's proposed rule would require a defendant to appeal twice: first, immediately after the custodial sentence is imposed, and then again after the amount of restitution is determined. This rule would be inefficient, and it is required neither by *Manrique* nor by the Federal Rules of Appellate Procedure.").

[14] To be clear, a remand for resentencing does not reopen the door for a defendant to appeal aspects of his conviction or sentence not previously appealed. *See United States v. Mendes*, 912 F.2d 434, 437 (10th Cir. 1990) ("The grant of remand on appeal does not reopen the order appealed from[.]"). Nor does resentencing following a probation violation resurrect time-barred challenges to a conviction or sentence. *See Prendergast v. Clements*, 699 F.3d 1182, 1187 (10th Cir. 2012).

We note in closing that such a rule reinforces our conclusion that Anthony's judgment of conviction has yet to become final. Because a defendant can wait until after the entry of a restitution order to appeal his initial sentence, it would be incongruent to hold that the judgment of conviction becomes final prior the determination of restitution. If a defendant's judgment of conviction became final for AEDPA purposes after the initial judgment but the defendant did not have to appeal until after restitution is ordered, there is a possibility that the defendant's one-year period of limitations would run before the defendant ever had a chance to directly appeal his conviction and initial sentence (*e.g.*, if the district court deferred imposing restitution until a year or more after the initial sentence was entered).[15] This would be contrary to § 2255 and the overall AEDPA scheme, which require the completion of the direct review before collateral attack. *See Burton*, 549 U.S. at 156–57 (AEDPA limitations period "did not begin until both his conviction *and* sentence 'became final by the

---

[15] The district court cited the Ninth Circuit's decision in *United States v. Gilbert*, 807 F.3d 1197, 1201 (9th Cir. 2015), as support for the proposition that restitution proceedings do not extend the § 2255 limitations period. *See* R., Vol. 6 at 58. In *Gilbert*, the Ninth Circuit held that "when a judgment imposes a sentence but leaves the amount of restitution to be determined, the one-year statute of limitations to file a § 2255 motion does not restart when the specific amount of restitution is later entered." *Id.* at 1201. We disagree with the Ninth Circuit's conclusion and side with the Second Circuit. *See Gonzalez*, 792 F.3d at 233–34. If a defendant can wait until after restitution is ordered to file his direct appeal, then it does not make sense that a defendant's § 2255 clock would start before a final restitution amount is determined, as *Gilbert* holds. The Ninth Circuit's more recent decision in *Shehadeh* highlights this tension. It holds that a defendant can wait until after the restitution order is entered to appeal his conviction and sentence. *See Shehadeh*, 962 F.3d at 1099.

-25-

conclusion of direct review or the expiration of the time for seeking such review.'") (quoting 28 U.S.C. § 2244(d)(1)(A)).

In sum, Anthony did not need to appeal his conviction and sentence within 14 days of the district court entering the initial judgment. Anthony could have challenged the initial judgment when he appealed the first restitution order.

## III. Conclusion

For the foregoing reasons, we REVERSE the district court's order dismissing Anthony's § 2255 motion as untimely, VACATE the resulting judgment, and REMAND for further proceedings consistent with this opinion.