FILED
United States Court of Appeals
Tenth Circuit

April 1, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CURTIS ALLEN ANTHONY,

Defendant - Appellant.

No. 22-6214
(D.C. Nos. 5:20-CV-00527-C &
5:15-CR-00126-C-5)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Curtis Allen Anthony appeals from the district court's denial of his amended

motion for relief under 28 U.S.C. § 2255. Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

## I. Background

The background of this case has been set out in several prior appeals and is not

repeated here. *See United States v. Anthony* (*Anthony I*), 942 F.3d 955 (10th Cir.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2019) (vacating restitution order and remanding for recalculation); *United States v. Anthony* (*Anthony II*), 22 F.4th 943 (10th Cir. 2022) (affirming recalculation of restitution); *United States v. Anthony* (*Anthony III*), 25 F.4th 792 (10th Cir. 2022) (reversing dismissal of § 2255 motion as untimely).

Mr. Anthony was convicted by a jury of child-sex trafficking and conspiracy to commit child-sex trafficking, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2), (c) and 1594(c). The district court sentenced him to the statutory mandatory minimum of 10 years' imprisonment, plus five years' supervised release, and ordered him to pay restitution. Mr. Anthony appealed, challenging only the requirement to pay restitution. *See Anthony I*, 942 F.3d at 959–60, 963. Following the disposition of the earlier appeals, Mr. Anthony, through counsel, filed the amended § 2255 motion that is now before us. He claims that although he directed his appointed trial counsel, Mr. Richard Stout, to appeal his conviction and prison sentence, Mr. Stout appealed only on the issue of restitution, depriving him of effective assistance of counsel.[1]

The district court held an evidentiary hearing on the amended § 2255 motion. At the hearing Mr. Anthony testified that he had wanted to appeal his conviction and his sentence, that he had met with Mr. Stout only once to discuss an appeal, after his conviction but before sentencing, and that he first learned his appeal was limited to

---

[1] Mr. Anthony raised the same argument in a pro se § 2255 motion filed February 25, 2019, which the district court struck because his restitution appeal was still pending, and raised it again in another pro se § 2255 motion filed June 8, 2020, which is the motion held timely in *Anthony III*, 25 F.4th at 794. After *Anthony III* the district court granted him leave to file the amended motion at issue in this appeal.

2

restitution from his later-appointed appellate counsel, after Mr. Stout had withdrawn. Mr. Stout testified that he had more than one conversation with Mr. Anthony about his right to appeal his conviction and sentence, that Mr. Anthony had been more interested in appealing the restitution (which would deprive him of his retirement savings) than his conviction or prison term, that Mr. Anthony "appeared to be scared to come back in court because he'd received the [statutory] minimum [prison sentence] and didn't want to chance anything else," R. vol. III at 55–56, and that "he was adamant that he didn't want to appeal the sentence," *id.* at 56. Mr. Stout testified that Mr. Anthony instructed him to perfect an appeal only as to the issue of restitution, and that he was certain Mr. Anthony did not ask him to appeal his conviction or prison sentence.

After the hearing the district court denied the motion in a written order, which found that Mr. Anthony "only sought to appeal the restitution issue." R. vol. II at 357. The court provided several explanations for this finding. It observed that Mr. Anthony's allegations about his communications with Mr. Stout had changed over time, reciting that in an earlier pro se § 2255 motion he had "asserted that he was 'not offered to appeal by counsel,'" while now he was claiming he did have a conversation with Mr. Stout about his right to appeal although Mr. Stout then filed the appeal only as to restitution. *Id.* at 356–57 (citation omitted). The court also said it had considered Mr. Stout's billing records and found they "reflect [he and Mr. Anthony] met approximately twice a month in six months following the jury's verdict." *Id.* at 357 & n.*. As relevant here, the district court said that although the

3

"time records were not submitted as evidence at the evidentiary hearing," it "may consider the 'files and records' of the case in determining if relief is warranted." *Id.* at 357, n.* (quoting § 2255(b)).[2] Further, the court thought that the alleged failure to grant Mr. Anthony's request to appeal certain issues would be implausible, especially given that Mr. Stout had already represented Mr. Anthony in a pretrial appeal. It reasoned that "[i]t strains belief to find that trial counsel would appeal one aspect of the trial at [Mr. Anthony]'s request but not add in the additional aspects of which [Mr. Anthony] now complains," *id.* at 357–58, and it concluded that the facts "strongly suggest that trial counsel would have appealed any issue requested by [Mr. Anthony]," *id.* at 358.

The district court therefore found Mr. Anthony "lack[ed] credibility," and it disregarded his testimony. *Id.* It found "the only logical conclusion . . . is that the restitution issue was the only issue [Mr. Anthony] requested be appealed." *Id.* at 358. Accordingly, the district court rejected his claim that Mr. Stout had provided ineffective assistance and denied his § 2255 motion.

On limited remand the district court denied a certificate of appealability (COA). This court then granted a COA as to (1) whether Mr. Anthony received ineffective assistance of counsel when Mr. Stout did not appeal his conviction and

---

[2]Before the hearing Mr. Anthony filed a motion for a subpoena to obtain copies of Mr. Stout's time records and billing vouchers. The district court denied this request because Mr. Anthony had not provided notice as required by Federal Rule of Civil Procedure 45(a)(4). Mr. Stout does not challenge that procedural ruling on appeal.

sentence; and (2) whether the district court erred in its consideration of Mr. Stout's time records.[3]

## II. Discussion

When reviewing the denial of a § 2255 motion, "we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (internal quotation marks omitted). "To be clearly erroneous, a finding must be more than possibly or even probably wrong; the error must be pellucid to any objective observer." *United States v. Madrid*, 713 F.3d 1251, 1256 (10th Cir. 2013) (internal quotation marks omitted). "We will reverse the district court's finding only if it is without factual support in the record or if, after reviewing all the evidence, we are left with a definite and firm conviction that a mistake has been made." *Id.* at 1256–57 (brackets and internal quotation marks omitted).

### A. Ineffective Assistance of Counsel

A defendant claiming ineffective assistance of counsel must prove both that counsel's representation fell below an objective standard of reasonableness, and that the deficiency was prejudicial. *See Garza v. Idaho*, 139 S.Ct. 738, 744 (2019). But

---

[3] Mr. Anthony's amended § 2255 motion also argued he was denied effective assistance because Mr. Stout had a conflict of interest arising from his having "made sexual innuendos" to Mr. Anthony's wife, and "'hitting' on her." R. vol. II at 326. After hearing testimony from Mr. Anthony's (now ex-) wife, the district court rejected the argument because she could remember only one ambiguous specific incident and there was no evidence of any effect on the performance of counsel. We did not grant a COA on this issue.

"prejudice is presumed when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken." *Id.* at 744 (internal quotation marks omitted).

Here the district court denied Mr. Anthony relief based on its factual determination that he requested that his attorney appeal only as to restitution, making Mr. Stout's performance objectively reasonable. Reviewing for clear error, we neither find the district court's finding lacks factual support nor are we left with a conviction it made a mistake. *See Madrid*, 713 F.3d at 1256–57. Further, the district court's ruling was based on its finding that Mr. Anthony lacked credibility and this court has "emphasize[d] that the district court is in the best position to make credibility determinations, and we are loath to usurp the role of factfinder." *United States v. Phillips*, 71 F.4th 817, 824 (10th Cir. 2023) (citation and internal quotation marks omitted). Mr. Anthony argues different inferences that might have been drawn from the factual record, and he asks us to credit his testimony over Mr. Stout's, but he does not show the district court's finding was clearly erroneous.

**B. District Court's Consideration of Time Records**

Turning to whether the district court erred in considering Mr. Stout's time records, and how any error affects the ineffective-assistance ruling, we conclude that even if the district court erred, it was not reversible error that requires a remand.

As the district court noted, the time records were not submitted as evidence at the hearing. Mr. Anthony states that he had not seen them before the district court ruled, thereby violating his right to due process. In granting a COA on this issue we directed the government to address whether the district court's review of the time records was contrary to either § 2255(b) or Rule 7(c) of the Rules Governing Section 2255 Proceedings.

To begin with, although one sentence in Mr. Anthony's briefs to this court asserts that he was "denied due process of law guaranteed by the Fifth Amendment," Aplt. Br. at 34, that is the only hint in the briefs that he is raising a constitutional claim. Other than that reference to the Bill of Rights, he cites to no authority to support his assertion of a constitutional violation. This is wholly inadequate to preserve an issue in this court. In any event, Mr. Anthony clarifies in his Reply Brief that his due-process claim is not a constitutional one. After stating that Rule 7(c) "affords . . . due process" by giving the parties the right to challenge the correctness of additional materials outside the district-court record, he concludes by stating that he "was not afforded that opportunity in violation of his right to due process." Reply Br. at 3. Therefore, we consider only a "due process" claim based on Rule 7.

We need not, however, resolve the merits of his Rule 7 argument, because we conclude that even if the district court erred in considering the time records, any error was harmless. *See* 28 U.S.C. § 2111 (instructing appellate courts to give judgment "without regard to errors or defects which do not affect the substantial rights of the parties"). The district court described the time records as being consistent with Mr. Stout's testimony that he had more than one conversation with Mr. Anthony related to an appeal. Mr. Anthony's testimony was to the contrary, but the district court did not believe him. Although the time records supported the finding that Mr. Anthony's testimony was not credible, the other reasons for that finding were sufficiently compelling that we think it highly unlikely that the time records affected his substantial rights; the credibility finding would have been the same regardless.

Moreover, Mr. Anthony's sole objection to the district court's consideration of the time records is that he did not get to see them before the court ruled. He does not claim that they were substantively inadmissible. His complaint is that he did not get to challenge them in some way or use them for his benefit. But he has not suggested how his cause could have been advanced by the records or why he could not have obtained access to them after the district court's ruling (to enable him to show any error).

### III. Conclusion

We affirm the district court's denial of Mr. Anthony's amended § 2255 motion. His unopposed motion for leave to file his reply brief out of time is granted.

Entered for the Court


Harris L Hartz
Circuit Judge