**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 20, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANDREW GIBBS,

    Defendant - Appellant.

No. 24-5121
(D.C. Nos. 4:24-CV-00152-GKF-MTS
& 4:21-CR-00144-GKF-1)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Andrew Gibbs, a federally incarcerated prisoner proceeding pro se,[1] petitions for a certificate of appealability (COA) challenging the denial of his habeas petition under 28 U.S.C. § 2255 by the U.S. District Court for the Northern District of Oklahoma. A COA from this court is a jurisdictional

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Gibbs proceeds pro se, we construe his pleadings liberally; however, we will not act as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Rodriguez*, 768 F.3d 1270, 1278 n.10 (10th Cir. 2014).

prerequisite for Gibbs to appeal the § 2255 denial. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253(c)(1). For the reasons explained below, we deny his motion for a COA and dismiss this appeal.

## I. BACKGROUND

On April 6, 2021, Gibbs was indicted on three counts of aggravated sexual abuse of a minor in Indian Country in violation of 18 U.S.C. §§ 1151, 1153, and 2241(c): (1) Count One pertained to C.U., a female child under the age of twelve; (2) Count Two also pertained to C.U.; and (3) Count Three pertained to A.U., another female child under the age of twelve. Due to the testimony of one of the victims at trial, the Government moved to dismiss Count One, which the district court granted. As to Count Two, the Government requested that the district court instruct the jury on the lesser-included offense of abusive sexual contact of a minor in Indian Country under 18 U.S.C. §§ 1151, 1153, and 2244(a)(5). Gibbs did not object, and there was no request for an instruction on a lesser-included offense for Count Three. Regarding Count Two, the district court instructed the jury on the lesser-included offense of abusive sexual contact of a minor in Indian Country.

On October 28, 2021, the jury found Gibbs guilty of Count Three – aggravated sexual abuse of A.U. Regarding Count Two, the jury found Gibbs not guilty of aggravated sexual abuse of C.U. but guilty of the lesser-included offense of abusive sexual contact of C.U. Gibbs was sentenced to 360 months

2

on both counts, with the sentences running concurrently, for a controlling term of 360 months imprisonment.

Gibbs timely appealed. Gibbs and the Government jointly moved to have his conviction as to the lesser-included offense of Count Two vacated. Gibbs argued, and the Government did not contest, that the jury instruction defining "sexual contact" constructively amended the indictment, which impermissibly allowed the jury to convict him of abusive sexual contact of C.U. based on conduct different than the specific conduct alleged in the indictment. Gibbs did not argue that the error regarding Count Two and C.U. infected his conviction as to Count Three regarding A.U.

On October 20, 2022, we vacated Gibbs's conviction on Count Two, granted the Joint Motion to Remand, and remanded the case to the district court to enter an amended judgment for Count Three. The mandate issued the same day. Following remand, the district court entered a Second Amended Judgment – also on October 20, 2022 – to document that Gibbs was convicted of Count Three only, sentenced to a total term of 360 months (i.e., the mandatory minimum sentence), five years of supervised release, an assessment of $100, and restitution in the amount of $6,600.

On January 8, 2024, Gibbs filed a motion with the district court requesting, among other things,[2] that the district court amend his sentence per our ruling on the Joint Motion to Remand and provide case information to the Federal Bureau of Prisons reflecting that his conviction for Count Two of the lesser included offense had been vacated. On January 12, 2024, the district court granted Gibbs's "Motion for Miscellaneous Relief" and sent a copy of that order, as well as the Second Amended Judgment, to the Bureau of Prisons Designation and Sentence Computation Center.

On April 8, 2024, Gibbs filed the motion to vacate under § 2255 challenging his conviction for Count Three, arguing that the same error for Count Two (i.e., an improper jury instruction on the lesser-included offense of abusive sexual contact of a minor) required Count Three to be vacated. Specifically, Gibbs contended that the district court "ignored the remand

---

[2] Gibbs also challenged his conviction as to Count Three, which the district court declined to review, noting that his legal claim should be raised in a motion to vacate under 28 U.S.C. § 2255.

The docket also shows that Gibbs sent a letter (postmarked on June 14, 2023) to the district court (filed on June 20, 2023), and that the district court mailed a copy of the Second Amended Judgment to him on July 18, 2023. Gibbs sent a second letter on July 18, 2023 (filed on July 25, 2023), asking for a status report on the Joint Motion for Remand. On August 28, 2023, Gibbs filed a motion for a writ of mandamus, and the district court sent Gibbs a blank motion to vacate under 28 U.S.C. § 2255. Gibbs sent two more letters in January 2024, and the district court sent another blank § 2255 form on January 10, 2024.

orders and defied the Court of Appeal's instructions to amend count 3" and that he failed to raise this argument on appeal due to ineffective assistance of both his trial and appellate counsel. R. I at 71–72. In particular, he argues that the district court was required to dismiss Count Three after we granted the Joint Motion to Remand because "only one jury instruction was given" regarding sexual contact, and "it covered the same element that was found to have constructively amended count 2[.]" *Id.* at 71.

On September 10, 2024, the district court denied the motion both as untimely as well as on the merits and denied a COA. Gibbs now petitions this court for a COA and argues that (1) the district court constructively obstructed his ability to file a timely § 2255 motion; (2) he has standing to challenge his conviction under *McGirt v. Oklahoma*, 591 U.S. 894 (2020); and (3) his appellate counsel rendered ineffective assistance by failing to appeal his conviction for Count Three. (Op. Br. at 4–6).

## II. DISCUSSION

### A. Standard of Review

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, the district court denied Gibbs's motion primarily on procedural grounds. To obtain a COA after denial on procedural grounds, Gibbs must establish that "jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## B. Timeliness

No reasonable jurist would conclude that the district court's dismissal of Gibbs's § 2255 motion as time-barred was procedurally incorrect. Under § 2255(f), there is a one-year statute of limitations (that is, a deadline by which to file the § 2255 motion) that runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The district court entered an amended judgment on October 20, 2022, as to Count Three in line with our instructions in our Order and Judgment granting the Joint Motion to Remand. The district court later noted in its October 2024 order denying § 2255 relief that Gibbs's resentencing was "purely ministerial and did not delay the Amended Judgment's finality." R. I at 84–85

6

(citing *United States v. Anthony*, 25 F.4th 792, 800 n.9 (10th Cir. 2022)).
Factoring in that Gibbs did not file a petition for a writ of certiorari from the
U.S. Supreme Court (which must be filed ninety days after entry of judgment),
the district court concluded that Gibbs's conviction became final for purposes
of § 2255 on January 18, 2023. Thus, Gibbs needed to file his § 2255 motion to
vacate on or by January 18, 2024, for it to be timely.

On August 28, 2023, Gibbs filed a short motion for a writ of mandamus
and prohibition, and the district court responded by sending Gibbs a blank,
template motion to vacate under 28 U.S.C. § 2255.[3] Thereafter, the district
court sent another blank § 2255 form to Gibbs on January 10, 2024. Gibbs did
not mail a § 2255 motion on the proper form to the district court until March
26, 2024, and the district court did not receive it for filing until April 8, 2024.[4]

Gibbs concedes that his petition was not filed within the one-year
deadline after his judgment became final. Rather, he contends that his delay
in filing is excusable because he sought clarification from the district court

---

[3] The full title of this pleading was a "Motion for Mandamus and
Prohibition to Vacate, Set Aside, or Correct Sentence" and was filed on August
28, 2023. The district court properly noted in its August 31, 2023, order that
this filing could not be adequately construed as a proper § 2255 petition, which
is why it directed the clerk to mail to Gibbs the blank § 2255 motion.

[4] We presume delays with the prison mail. Even accounting for those
delays, Gibbs initially signed his § 2255 motion on February 24, 2024, mailed
it on February 26, 2024, and resent it on March 26, 2024.

about his resentencing, and the district court "denied him the benefit of a timely filing" by not answering his questions, which "amounted to constructive obstruction of his ability to file a [timely] motion for [§ 2255 relief]." Op. Br. at 3, 5. Gibbs argues that the district court should have "advised him of the steps necessary to remedy any deficiencies in his filing, rather than remain silent." *Id.* at 3. A district court, however, cannot give legal advice but can only rule on legal issues presented to it. *See, e.g., Kruskal v. Martinez*, 859 F. App'x 336, 338 (10th Cir. 2021).[5]

To the extent Gibbs is arguing that he should be entitled to equitable tolling of the one-year statute of limitations (that is, a deadline extension for filing) for his § 2255 motion, he needed to establish that (1) "he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted). The district court mailed a copy of the Second Amended Judgment to Gibbs on July 18, 2023, and blank § 2255 forms on August 31, 2023, and January 10, 2024. Even if Gibbs pursued his rights diligently, he is not entitled to equitable tolling of the statute of limitations because he cannot establish that an extraordinary

---

[5] "Unpublished decisions are not precedential, but may be cited for their persuasive value." Tenth Circuit Rule 32.1(A); *see also* Federal Rule of Appellate Procedure 32.1.

circumstance stood in his way and prevented him from filing before the deadline. Indeed, he filed a motion for writ of mandamus and prohibition within the relevant time frame, demonstrating that he had the ability to file with the district court.

"Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. Accordingly, Gibbs's § 2255 motion was untimely, he is not entitled to equitable tolling, and we must deny his petition for a COA.

## III. CONCLUSION

Accordingly, we **DENY** the application for a COA and **DISMISS** this appeal.

Entered for the Court

Richard E.N. Federico
Circuit Judge

9